McVey vs. The Green Bay & Minnesota Railway Company.

MARRIED WOMAN: *(1) May take conveyance of land from stranger, and hold it to her separate use. (2) Presumption as to the consideration.*
INSTRUCTIONS. *(3) Effect of general refusal of several instructions asked.*

1. In the statute which declares that a married woman "may receive by inheritance, or by gift, *grant*, devise or bequest from any person other than her husband, and hold to her sole and separate use," real and personal property (R. S., ch. 95, sec. 3), the word *grant* includes deeds of bargain and sale of land.
2. Where a conveyance is made by a stranger to a married woman, the presumption, in the absence of proof, is, that the consideration was paid by her, and not by her husband.
3. A general refusal of all the instructions asked by a party is equivalent to a specific refusal of each instruction, allowing the party praying therefor the full benefit of any specific exception; and the general form of refusal is not error.

APPEAL from the Circuit Court for *Wood* County.

Ejectment, to recover certain land in Wood county. The complaint is in the form prescribed by statute, and alleges that plaintiff is the owner in fee simple of the premises claimed. The answer alleges that plaintiff is, and at the commencement of the action was, a married woman, and that the land claimed is not her separate property, but belongs to her husband, who is entitled to the possession thereof.

It appears by the proofs, that the land claimed in the action was conveyed by one Garrison and wife to the plaintiff after she intermarried with her present husband. The title of Garrison thereto is undisputed. The land is a strip along a highway, part and parcel of several lots so conveyed by Garrison to the plaintiff, and the defendant company laid the track of its railroad upon such strip, and now occupies and uses it for railroad purposes. No proceedings have been taken to condemn it to the use of the company. The plaintiff and her husband occupy the remainer of the lots, not included in the

highway, as a homestead. There is no evidence as to who paid the consideration for Garrison's conveyance.

On behalf of the defendant the following instructions were asked and refused: " 1. To entitle the plaintiff to your verdict, you must find, from the testimony, that she had a separate estate, and that the consideration named in the deed from Orestes Garrison and wife to her was not paid by her husband out of his funds. 2. You are not to presume from said deed that the consideration named in said deed was not paid by her husband. 3. The law presumes that the said consideration was paid by the plaintiff's husband out of his funds, and the burden is on the plaintiff to show the contrary. 4. Your verdict must be for the defendant."

The court instructed the jury, in substance, that the conveyance of Garrison to the plaintiff vested in her the title to the land in controversy; that, in the absence of any proof as to who paid the consideration therefor, there is no legal presumption that her husband paid it; and hence, that the premises must be regarded as her separate estate.

The plaintiff had a verdict, upon which judgment was entered for the recovery of the premises claimed, subject to the public easement of the street. The defendant appealed from the judgment.

The cause was submitted on the brief of *Norris & Chynoweth* for the appellant, and that of *Henry Hayden* for the respondent.

For the appellant it was argued, 1. That if sec. 3, ch. 95, R. S., did not authorize the plaintiff to take by the deed from Garrison, then that deed vested the right to the possession, rents and profits in her husband (2 Kent, 110–112; Litt., pl. 701; 1 Spence's Eq. Jur., 136); that the conveyance by such deed constituted a "purchase" and not a "grant;" that in construing the statutes, "technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law," are to be "construed and understood accord-

ing to such peculiar and appropriate meaning" (R. S., ch. 5, sec. 1, subd. 1; *Walton v. Cody*, 1 Wis., 432); that the word *grant* has acquired such a meaning, and is properly applicable only to the conveyance of *incorporeal hereditaments* (4 Kent's Com., 11th ed., 576, 578; 1 Cooley's Black., book 2, p. 317; Co. Litt., 9). 2. That the husband was entitled to the possession, rents and profits, because the conveyance to the plaintiff was not by its terms "to her sole and separate use, and not subject to the disposal of her husband." *Hayt v. Parks*, 39 Conn., 360; *Plumb v. Ives*, id., 120; *Merrill v. Bullock*, 105 Mass., 493; *Jewett v. Davis*, 10 Allen, 71; *Leighton v. Sheldon*, 16 Minn., 243. 3. That the burden was upon the plaintiff to show that the consideration named in the deed was not paid by her husband (*Stanton v. Kirsch*, 6 Wis., 338; *Duress v. Horneffer*, 15 id., 197; *Moore v. Jones*, 13 Ala., 296; *Gamber v. Gamber*, 18 Pa. St., 363; *Bradford's Appeal*, 29 id., 513; *Keeney v. Good*, 21 id., 355; *Rhoads v. Gordon*, 38 id., 280; *Price v. Sanchez*, 8 Fla., 136; *Meyer v. Kinzer*, 12 Cal., 247; *Smith v. Smith*, id., 216; *Pixley v. Huggins*, 15 id., 127; *McDonald v. Badger*, 23 id., 399); that, in the absence of proof that the plaintiff paid the consideration out of her own funds, or that she had a separate estate, the law presumes that her husband paid the consideration; and that in such case the deed was void at law, and conveyed no title to her under the statute. *Riehl v. Bingenheimer*, 28 Wis., 88; *Carpenter v. Tatro*, 36 id., 297.

For the respondent it was argued, among other things, that, before the statute, a conveyance of land by the husband directly to the wife gave her a separate estate *in equity* (2 Kent's Com., 12th ed., 163, note (b); *Putnam v. Bicknell*, 18 Wis., 333; *Hannan v. Oxley*, 23 id., 519), and the conveyance to her through the intervention of a third person was good in law (1 Bishop M. W., §§ 712, 713); and that the object of the statute was not to *restrict* the rights of married women in acquiring lands by deed, but to enlarge their rights by enabling

them to hold and enjoy the lands so acquired in the same manner as a *feme sole.* 1 Bishop M. W., § 359; 2 id., 365, 366, and cases there cited; *Power v. Lester,* 17 How. Pr., 413; *Hamilton v. Fond du Lac,* 25 Wis., 490, 496; *Price v. Osborn,* 34 id., 34. 2. That, in the absence of proof as to who paid the consideration for a deed, the court must presume that it was the grantee therein named; and that this rule is applicable where the grantee is a married woman, in an action against a mere trespasser. *Weymouth v. Railway Co.,* 17 Wis., 550. 3. That even if the husband paid the consideration, the title in the land vested in the plaintiff as against all the world except the husband's creditors (*Miller v. Aram,* 37 Wis., 142); and defendant could not defeat a recovery by merely setting up title in a third person. *Jackson v. Fuller,* 4 Johns., 211, 212.

LYON, J. An elaborate and most ingenious argument was made at the bar by the learned counsel for the defendant, in support of the proposition that the statute concerning the rights of married women does not permit a wife to acquire real estate by deed of bargain and sale, and hold the same as her separate property. The statute is as follows: "Any married female may receive by inheritance, or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey and devise, real and personal property, and any interest or estate therein, and the rents, issues and profits, in the same manner and with like effect as if she were unmarried; and the same shall not be subject to the disposal of her husband, nor be liable for his debts." R. S., ch. 95, sec. 3 (Tay. Stats., 1195, § 3).

The argument turns upon the legal signification of the word "grant;" for it is a word which has acquired peculiar and appropriate meaning in the law, and must be construed and understood according to such meaning. R. S., ch. 5, sec. 1.

Lord COKE says, "*Grant, concessio,* is properly of things incorporeal, which (as hath been said) cannot passe without

deed." Co. Litt., 9 a. And again: "*Grant, concessio,* is in the common law a conveyance of a thing that lies in grant and not in livery, which cannot passe without deed; as advowsons, services, rents, commons, reversions, and such like." Id., 172 a.

But the word "grant" has also a larger meaning in the law. It is said in Shepard's Touchstone, that "this word is taken largely where anything is granted or passed from one to another. And in this sense it doth comprehend feoffments, bargains and sales, gifts, leases, charges and the like; for he that doth give or sell, doth grant also." p. 228 (29 Law Lib., 11). So also in Co. Litt., 301b, it is said that "*dedi* or *concessi* may amount to a grant, a feoffment, a gift, a lease, a release, a confirmation, a surrender, etc., and it is in the election of the party to use which of these purposes he will." Thus it appears, as was said by Judge STORY in *Durant v. Ritchie,* 4 Mason, 69, that "the word is *nomen generalissimum,* and applies to all sorts of conveyances."

Moreover, since title to corporeal·hereditaments is no longer passed by livery of seizin, but only by deed, it may well be said that they no longer lie in livery, but in grant. Hence the word "grant," even in its more restricted signification, may properly be applied to a conveyance of land as well as of incorporeal hereditaments. We are not driven, therefore, to a broad construction of the word, to hold that, as used in the statute under consideration, it enables a married woman to take real estate by purchase, and hold the same as her separate property, under a deed of bargain and sale.

But were the correct construction of the word as used in the statute more doubtful, it would still be our duty to give it its largest signification. The statute was enacted to remove, in some measure, the harsh discriminations of the common law against married women, and in obedience to the spirit and demands of a higher civilization than obtained when the rules of the common law in that behalf were in process of formation.

It is, therefore, a remedial statute, and should be liberally construed to effectuate the purposes of its enactment. That the legislature intended to confer upon married women the power to purchase real or personal property with their own means, and hold the same to their sole and separate use, we cannot doubt. It is incredible that the statute was intended to exclude from the methods by which a married woman might acquire separate estate, the power to acquire it by purchase. The statute confers upon the wife the absolute power to sell and convey her separate property, whether real or personal; but that would be but a barren privilege if she have not the correlative power to purchase with the proceeds other property which shall also be her separate estate.

It may further be observed, that the word "grant" is used in the constitution, and frequently in the statutes, as descriptive of a conveyance of corporeal hereditaments of land. Const., art. I, sec. 14; R. S., ch. 83, secs. 3, 44; ch. 84, secs. 3, 7; ch. 86, sec. 7; Laws of 1865, ch. 365, sec. 1.

Hence, in any view we can take of the question, we are impelled to the conclusion that the word "grant," as used in the statute, includes deeds of bargain and sale, and that a married woman may, under the statute, acquire title to land by purchase, and hold it to her separate use, if it be otherwise her separate estate.

We are also of the opinion that when a conveyance is made by a stranger to a married woman, there is no presumption that the consideration therefor was paid by her husband; but rather, that it was paid by her. In the absence of proof to the contrary, the presumption is that the grantee in a conveyance paid the consideration therefor; and no good reason is perceived why there should be a different presumption when the grantee happens to be a married woman.

The plaintiff having proved that she took title to the land claimed in this action by grant from some person other than her husband, and there being no evidence in the case to rebut

the presumption that she, and not her husband, paid therefor, it necessarily follows that such land is her separate estate, and that she can maintain an action in her own name to recover it, " in the same manner and with like effect as if she were unmarried."

It is assigned as error, that the circuit judge refused to give all of the instructions asked on behalf of the defendant by one general refusal, instead of separately refusing to give each one of the proposed instructions.

We think such general refusal equivalent to a specific refusal of each instruction, and that the party praying the instructions may have the full benefit of specific exception, the same as though each instruction had been separately refused.

*By the Court.* — Judgment affirmed.