### EVENSON v. WEBSTER.

1. To entitle a party to a review of the evidence in this court, to determine the sufficiency of the same to justify the verdict of a jury or the findings of the court, whether the case is tried by a jury or a court, he must have made a motion for a new trial in the court below, and have made the insufficiency of the evidence to justify the verdict or findings one of the grounds for such motion. Unless such motion for a new trial has been made in the court below, this court will decline to review the evidence. Following the decision of this court in Pierce v. Manning, 51 N. W. Rep. 332.

2. When it does not affirmatively appear from the abstract that a motion for a new trial was made in the court below, this court will assume that no such motion was made.

3. As it does not appear in this case that a motion for a new trial was made in the court below, this court will not review the evidence to determine its sufficiency to support the findings, and will only consider on this appeal the question of the sufficiency of the findings to sustain the judgment.

4. The statutes of this state prescribe no particular form in which a conveyance of real property shall be made, except that it shall be in writing, and subscribed by the party disposing of the same, and that it may be in the short form specified in section 3247, Comp. Laws. Any instrument, therefore, in writing, subscribed by the grantor, in which the grantor, grantee, consideration, and a description of the property intended to be conveyed are clearly specified, and containing words in-

dicating an intention to transfer the estate or the grantor's right, title,
or interest therein, will be sufficient to transfer such real property
or such grantor's interest therein, though the term "grant" or other
terms usually used in conveyances of real property are omitted, and
the term "give" is substituted therefor.

5. The instrument under which the defendant claims title in this case ex-
amined, and *held* sufficient to convey the title of the brother of the
plaintiff, in whom the title was vested when the alleged instrument
was executed and delivered, prior to his death, and that it constitutes
a deed.

6. An instrument in writing, though informal, which clearly indicates the
intention of a party to release her interest in the property in contro-
versy in this action, and made for a valuable consideration, may prop-
erly be *held* to estop her from maintaining an action to recover the
property from one claiming title under the party to whom such instru-
ment was given, and the instrument in this case is *held* to be sufficient
to constitute such an estoppel.

(Syllabus by the Court. Opinion filed Dec. 8, 1892.)

Appeal from district court, Minnehaha County. Hon. JOHN
E. CARLAND, Judge.

Action to recover the possession of certain real property. De-
fendant had judgment. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Palmer & Rogde*, for appellant.

The instrument purporting to be a will in this case was at best
a mere proposal, which, unaccepted, was revoked by the death of
the maker. Sections 3310, 3313, 3318, 3517, 3522, Comp. Laws;
Whart. Con. Laws, § 645; Story, Con. Laws, § 474; Kerr v. Moore,
9 Wheat. 565; Jones v. Robinson, 17 Ohio St. 171. Even if an un-
successful attempt at making a will it could pass no title.

*Davis, Lyon & Gates*, for respondent.

To raise the question of the sufficiency of the evidence to sup-
port the findings of fact the exceptions must specify the particu-
lars in which the evidence is alleged to be insufficient. Sections
5081, 5090, Comp. Laws; Pickert v. Rugg, 46 N. W. 446; Gaines v.
White, 1 S. W. 434; Henry v. Dean, 6 Dak. 78; City v. Stineson,
27 Pac. 604; Illslad v. Anderson, 49 N. W. 659; Brown v. *Id.*, 41 Cal.
88; Eddelbutte v. Durrell, 55 Cal. 277. In the absence of a mo-
tion for a new trial the appellate court will not inquire into the

sufficiency of the evidence to support the findings of the verdict. Reed v. Bernal, 40 Cal. 628; Pio Pico v. Cuyas, 47 Cal. 177; Estate of Page, 57 Cal. 238; Rycraft v. Rycraft, 42 Cal. 444; Perham v. Keeper, 61 Cal. 331; Moor v. Murdock, 26 Cal. 515; section 5081 Comp. Laws; 3 Deering's Code, § 657; Hayne, New Trials, § 96; Greenwood v. Adams, 80 Cal. 74.

If the evidence contained in the record is not sufficient to justify the findings it will be presumed that there was sufficient evidence that has been omitted to warrant the findings. Anderson v. St. Croix, 49 N. W. 407; Goodrich v. City, 62 Ill. 121; Miner v. Phillips, 42 Ill. 123; Ottawa Gas v. Graham, 35 Ill. 346; Seddan v. Donald, 12 N. Y. 719; Aldredge v. Id., 120 N. Y. 614; McNider v. Sirrine, 50 N. W. 200; Kent v. Insurance Co., 2 S. D. 300; Smith v. Yager, 50 N. W. 224; Smoler v. McCaffrey, 50 N. W. 16. If the evidence tends to support the findings of the trial court its judgment will not be disturbed. Deacon v. Van Nuys, 28 N. E. 865; Thompson v. Homan, 43 N. W. 770; British v. Neil, 41 N. W. 382.

An instrument containing all the essentials of a deed is sufficient if it expresses the intention of the parties. 4 Kent, Comm. 460; McWilliams v. Martin, 12 Sarg. & R. 269; 1 Dev. Deeds, §§ 171, 211, 269; Cobb v. Hines, 59 Am. Dec. 559; section 3241, Comp. Laws.

CORSON, J. This was an action brought by the plaintiff as the sister and only heir of Staale Simonson, deceased, to recover the possession of 160 acres of land in Minnehaha county, of which it is alleged said Simonson died seised. The case was tried by the court without a jury, and upon the facts found by the court and its conclusions of law, judgment was rendered for the defendant. From this judgment the plaintiff appeals.

Numerous errors are assigned, nearly all of which specify as grounds of error the insufficiency of the evidence to justify the findings. Counsel for defendant and respondent object to the consideration by this court of the errors assigned as to the insufficiency of the evidence to sustain the findings upon the grounds that no motion for a new trial was made in the trial court, and that by reason of the failure of appellant to move for a new trial this court is precluded from reviewing the evidence on this appeal.

It does not appear from the abstract that a motion for a new trial was made in the court below, and, in the absence of such showing, this court will assume that no such motion was made. In the case of Pierce v. Manning, 51 N. W. Rep. 332, this court, on a full consideration and careful review of the authorities, held that when a party relies upon the error that the evidence is insufficient to justify the verdict or findings of a court, whether the case is tried by the court or a jury, he must move for a new trial in the trial court before this court will be authorized to review the evidence to determine its sufficiency to justify the verdict or findings of the court. The rule as laid down in that decision precludes us from reviewing the evidence in a case appealed to this court when no motion for a new trial has been made in the court below. Upon the record, therefore, as presented in this case, we are of the opinion that the objection made to a review of the evidence must be sustained, and that the errors assigned as to the insufficiency of the evidence to justify the findings of the court are not properly before us, and must be disregarded by us on this appeal.

All the errors assigned relating to the insufficiency of the evidence to support the findings being eliminated from the case, the only remaining error to be considered is, do the findings support the judgment? The trial court found that in November, 1879, Staale Simonson was the owner of the premises in controversy, and "that on the 20th day of November, 1879, at said county and territory, said Staale Simonson executed and delivered to one Hans Larson a certain instrument in writing of which the following is a copy:

"'November 20, 1879. A will between Staale Simonson and Hans Larson. I, Staale Simonson, being a single man, about sixty-four years of age, and have never been married, and have no children, I have made agreement with Hans Larson that he is and shall take care of me from this day to my death day, and I, Staale Simonson, give him all of my goods and chattels and real estate, all property of all kinds of any description that I own, except fifty dollars, which I give Gurene Johnson. Hans Larson is to pay her when the land is sold or within five years from date. There is no person of any if my relation that have any right to any of said

25—S. D.

property except all debts shall be paid by Hans Larson that I owe, the mortgage against the land and other debts. The description of the land: S. W. qr. S. 26, T. 101, R. 48.

his

" 'STAALE X SIMONSON.

mark.

" 'Witnesses: Ole Bergeson. Ole S. Neste.'

"The court also finds that said Larson paid all the debts of the estate, (including legacy,) amounting to $313.63; that Simonson boarded with Larson during the winter and part of the summer before his death; and that said Larson has performed each and every act required of him by the said instrument. The court further finds that on November 29, 1879, the plaintiff executed and delivered to said Larson the following instrument in writing:

" 'November 28, 1879. Agreement is made between Hans Larson, Staale Simonson, Sister Marie Anne Evenson, and her heirs, that she shall get a team, harness, and wagon, free from incumbrance, and own it as her own property, of the estate that was given to Hans Larson by Staale Simonson a few days ago, and that said Marie Anne Evenson agree by several witnesses that she and her heirs shall never privately or by law make no more charges against the said estate except the fifty dollars mentioned in the will.

her

" 'MARIE ANNE X EVENSON.'

mark.

—"And that she received the team, harness, and wagon and retained them. The court further finds that said Staale Simonson intended that the title to said land should vest in said Larson prior to his death; that the value of said premises so intended to be transferred to said Larson was in November, 1879, $400, and that the defendant has succeeded to said Larson's title.

"Upon the findings of fact the court concludes as matter of law: (1) That the execution and delivery of the instrument set out in finding No. 2, and the performance of the conditions subsequent therein contained by Hans Larson, operated, under the laws of Dakota territory, to vest, and did vest, the title to the property

in dispute in Hans Larson. (2) That the plaintiff is estopped by her agreement set out in finding No. 11 from claiming or asserting any right, title, or interest in or to said premises.  *  *  * (3) That the defendant is entitled to judgment of dismissal of the action, and for his costs."

1. It is contended by the learned counsel for the appellant that the trial court erred in holding that the instrument signed by Simonson was sufficient to transfer the title of the property in controversy to Larson; and they insist that it was "either an unsuccessful attempt at making a will, an unfinished and incomplete contract, or a simple and pure proposal." But we are of the opinion that the learned court below gave to the instrument the proper construction. While the document is informal, and is designated "a will," the intention of Simonson to transfer the title of the property to Larson is, we think, clear from the language of the instrument, construed in connection with the other facts proved. No particular form for a conveyance is prescribed by the statutes of this state other than a short form, which it is provided may be used. Section 3247, Comp. Laws. But by section 3245 it is provided that "an estate in real property  *  *  *  can only be transferred  *  *  *  by an instrument in writing, subscribed by the party disposing of the same." This language clearly indicates that such an estate may be transferred by any instrument in writing, subscribed by the party, without seal; (section 3246,) without words of inheritance, (section 3241,) and without livery of seisin.

Mr. Chancellor Kent in his Commentaries, defining what a deed shall contain, says: "A deed consists of the names of the parties, the consideration for which the land was sold, the description of the subject granted, the quantity of interest conveyed, and, lastly, the conditions, reservations, and covenants, if there be any." 4 Kent, Comm. p. 460. Again, speaking of conveyances, he says: "I should presume under the New York statute the operative word of a conveyance is 'grant;' but, as other modes of conveyance operate equally as grants, any words showing an intention of the parties to convey would be sufficient." *Id.* p. 492. And in a footnote to same page the annotator says: "The word 'convey,' or the word

'assign,' or the word 'transfer,' would probably be sufficient. It is made the duty of the courts in the construction of every instrument conveying an estate to carry into effect the intent of the parties, and that intent may as certainly appear by these words as any other." Lambert v. Smith, 9 Or. 185; McVey v. Railroad Co., 42 Wis. 532. And Chancellor Kent cites with approbation the statement of Lord COKE that, "if a deed of feoffment be without premises, * * * it is still a good deed if it gives the land to another and to his heirs, without saying more, provided it be sealed and delivered, and be accompanied with livery." 4 Kent, Comm. p. 460, 461. As we have seen, in this state the failure to affix a seal does not invalidate a deed; neither does the failure to insert words of inheritance impair its validity as a deed, and no livery of seisin is necessary; and any words will be sufficient if they clearly manifest the intention to transfer the estate. Doe v. Hines, 59 Amer. Dec. 559; 5 Amer. & Eng. Enc. Law, p 438; Watters v. Bredin, 70 Pa. St. 235; Lynch v. Livingston, 8 Barb. 463; Field v. Columbet, 4 Sawy. 523. In the latter case Mr. Justice FIELD, in passing upon the sufficiency of a deed in which the only words of transfer used were "remise, release, and quitclaim," says: "Any words in a deed indicating an intention to transfer the estate, interest, or claim of the grantor will be sufficient as a conveyance, whether they be such as were generally used in a deed of feoffment, or of bargain and sale, or of release, irrespective of the fact of possession of grantor or grantee, or of the statute of uses." The instrument in controversy, although it uses the word "give" instead of "grant," comes, we think, within the letter and spirit of the rule as laid down in these authorities. While our statute uses the term "grant," and in the form given uses that term, yet to constitute a grant it is not indispensable that technical words be used. Any words that manifest the same intent will suffice. And. Law Dict, p. 494; Iron Co. v. Wright, 32 N. J. Eq. 252; Barksdale v. Hairston, 81 Va. 765. But, giving to the instrument the most favorable construction for the appellant,—that of a conveyance upon conditions subsequent,—still we are of the opinion that the title was good in Larson. In such a conveyance the title passes to the grantee, subject to be divested upon a failure to perform the con-

ditions. This is apparent from subdivision 5, § 3254, which provides: "Where a grant is made upon condition subsequent, and is subsequently defeated by the nonperformance of the condition, the person otherwise entitled to hold under the grant must reconvey the property to the grantor or his successors by grant duly acknowledged." Of course no reconveyance would be necessary, unless the title passed by the original grant. The rule that the title passes in such conveyances is generally recognized. Towle v. Remsen, 70 N. Y. 303; 4 Kent, Comm. p. 125; 2 Bl. Comm. 154. In this case the court finds that Larson performed each and every part of said agreement; hence the conditions subsequent were fully performed, leaving in Larson a perfect title.

2. If there were any doubt of the correctness of the foregoing propositions, we think by the document signed by the plaintiff she is estopped to maintain this action, or to claim or assert any interest in the property. It is true this agreement, like the former instrument we have been considering, was informal, but the intention of the plaintiff to release her interest in the estate seems clear. The estate was found to be of the value of $400 at that time, and there were debts to be paid, amounting, as we have seen, to $313.65. It was quite reasonable and natural, therefore, that in consideration of the property mentioned, found to be of the value of $67, which she received, and, so far as the record shows, still retains, she was willing to release all claims upon the estate. This was evidently her understanding of the agreement, as she does not appear to have made any claim to the property until several years had elapsed after this agreement was executed. We think the learned court was therefore correct in holding that this agreement estopped her from claiming this property from the grantee of Larson, and that it in effect was a release for her interest in the estate. These instruments, made, as they evidently were, by persons only slightly acquainted with our language, and unaccustomed to preparing legal documents, should not be subjected to the same strict rules of construction that would be applied to documents prepared by lawyers or persons familiar with the usual manner of transacting legal business; and, if sufficient appears to enable a court to discover the intention of the parties, that inten-

tion should be carried into effect if it can be done consistently with with the rules of law. The orthography of the instruments in controversy was much more faulty than the grammatical arrangement, but we have taken the liberty to correct them in the former respect. Our conclusions are that the court gave the proper constructions to the two instruments set out in the findings of fact, and that under the document signed by Simonson the property in question was transferred to Larson; and that the instrument was in effect a deed, or at least a deed with conditions subsequent; and that, if the document did not in fact constitute such a conveyance, the plaintiff is estopped from claiming the property by the agreement or release signed by her. Under either view, the plaintiff was not entitled to recover, and the judgment of the court below is therefore affirmed. All the judges concurring.