In Re McGILLICK'S ESTATE

McGILLICK, Respondent, v. NEDERGAARD, et al,
Appellants

(293 N. W. 185.)

(File No. 8290.   Opinion filed July 8, 1940.)

**W. W. French,** of Yankton, for Appellants.
**John E. Walsh,** of Yankton, for Respondent.

ROBERTS, J. This appeal presents only the question whether a relinquishment of an expectancy by an heir is valid and enforceable. The question is presented on appeal from a judgment of the circuit court of Yankton County reversing a decree of the county court.

The material facts are not in dispute. On April 11, 1904, Mary Schmelzl and Michael W. McGillick were married. On August 5, 1905, the wife was granted a divorce and the custody of their daughter Hattie, the plaintiff herein. Michael W. McGillick died testate on August 28, 1926. Paragraph 5 of the will which was admitted to probate reads as follows: "I hereby state that I have not negligently nor inadvertently omitted herefrom the name of Mary McGillick (formerly Schmelzl) or her daughter, Hattie McGillick, but it is my specific will, intention and desire that neither of them shall share in my estate in any manner whatsoever for the reason, among others, that I do not feel obligated to them or either of them in any manner."

Hattie McGillick filed a petition contesting the will. Pending hearing on appeal in the circuit court a settlement was made between Hattie McGillick and the brothers and sisters of deceased. Upon the payment of $1,000, Hattie McGillick executed an instrument in the following language:

"For and in consideration of the sum of one thousand ($1,000) dollars, paid to me, Hattie McGillick, the undersigned, on this date, I hereby acknowledge receipt in full for all claims, rights, and interests of every kind or character which I have now or may hereafter have in the future in and to any and all property of which the following heirs of Michael W. McGillick may die seized and possessed at the date of the death of either of them, to-wit: Margaret McGillick, Patrick McGillick, James McGillick, Elizabeth Murray, Mary Fitzgerald, Alice Beddow and Agnes Nedergaard.

"I hereby accept one thousand dollars, paid on this date, receipt of which is acknowledged, for all interest and claims which I may have against the estates of any of the above named persons, who are heirs of Michael W. McGillick, deceased, at the respective dates of their death."

It is contended by defendants that the trial court erred in adjudging that the release is invalid and that plaintiff is not precluded from participating in the distribution of the estate of Margaret McGillick who died intestate on March 30, 1938.

■ The doctrine approved by the weight of authority is that "a release by an heir or distributee, made to the ancestor before the latter's death, where supported by an advancement to the heir or distributee or other consideration and freely and fairly made, is binding on the heir or distributee." 16 Am. Jur., Descent and Distribution, § 152. The determination in the early case of Evanson v. Webster, 3 S. D. 382, 53 N. W. 747, 44 Am. St. Rep. 802, is in harmony with this rule. It was held therein that an intention by the plaintiff to release her interest in her brother's estate was sufficiently shown where she during his lifetime agreed in writing with him to receive and in fact did receive certain property in consideration of which she agreed to make "no more charges" against the estate and that she was estopped by the release from asserting an interest in the property of the brother after his death. The authorities are reviewed in a recent decision of this court, Henrich v. Newell, 59 S. D. 372, 240 N. W. 327, 329, and while recognizing that there are numerous decisions supporting a contrary rule, we reaffirmed the holding in the Evanson case.

■ Respondent insists that the rule in these decisions can have no application because of the fact that the amount received by her was trifling as compared to the amount that she would receive as an heir. The rule approved in the opinion in the Henrich case states that an agreement for release will be enforced "if freely and fairly entered into." But this case does not intimate that mere inadequacy will invalidate such an agreement. It is the settled rule "that if the sum which the prospective heir receives from his ancestor in consideration of his agreement to release the latter's estate from all claim which he might have as heir against it proves to be of less value than the amount which he would have received as heir, in the absence of such an agreement, will not defeat the effect of the release as a bar

to his participation in the distribution or partition of the estate after the ancestor's death." Decisions considering the precise question and supporting this rule are collected in a note in 28 A. L. R. 427. There were no circumstances from which it could be inferred that plaintiff was coerced or that the release was fraudulently obtained.

Plaintiff asserts that the release was made in consideration of a sum paid from the assets of the estate of her deceased father and not by the brothers and sisters. They were the distributees of the residuary assets, and payment by the executor from funds of the estate was equivalent to payment by them. It does not follow that, simply because payment was thus made, the release could not be set up as a bar to participation in the Margaret McGillick estate.

The judgment and order appealed from are reversed.

All the Judges concur.