PIERCE *et al.* v. MANNING.

Comp. Laws Dak. § 5231, provides as to the undertaking on appeal that "the original must be filed with the notice of appeal, and a copy showing the residence of the sureties must be served with the notice of appeal." *Held*, that the fact that such an undertaking reciting that appellant "hereby intends to appeal" was executed and filed more than three months before the notice of appeal did not invalidate it, where a copy of it was served with the notice of appeal, and the original was refiled with such notice.

(Syllabus by the Court. Argued Nov. 15, 1890. Opinion filed Nov. 17, 1890.)

Appeal from circuit court, Lawrence county.

Motion to dismiss appeal and to strike the cause from the term calendar. Motion to dismiss denied; motion to strike allowed.

*Martin & Mason*, for appellant.

*Van Cise & Wilson*, for respondents.

PER CURIAM. This is a motion by respondents to dismiss the appeal in this action, and also to strike the cause from the term calendar. The motion to dismiss the appeal is made upon the ground that the undertaking on the appeal was executed and filed in the court below more than three months before the notice of appeal now relied on was served and filed. An inspection of the record discloses the fact that on the 25th day of July, 1890, appellant executed and filed the undertaking for the costs on appeal now in controversy, and that, subsequently, on October 28, 1890, the appellant served a notice of appeal with a copy of this undertaking, and at the same time filed said notice of appeal, and refiled the original undertaking. so executed and filed in July, in the office of the clerk of the court below. The question is therefore presented as to whether or not the undertaking so executed and originally filed in July, but a copy of which was served with the notice of appeal on October 28th, and refiled with notice of appeal, is a good and sufficient undertaking in this appeal. Section 5231, Comp. Laws, provides that "the undertakings required by this act may be in one instrument, or several, at the option of the appellant. The original must be filed with the notice of appeal, and a copy showing the resi-

dence of the sureties must be served with the notice of appeal."
It will be noticed that this section is silent as to the time when
the undertaking shall be executed. The time and manner of
the service and filing is only provided for. The undertaking,
therefore, must, like any other contract, be so construed as to
carry out the intention of the parties, if that can be ascertained
from the undertaking itself. This undertaking contains a re-
cital that the appellant, feeling agrieved, etc., hereby intends
to appeal to the supreme court. This recital shows that no ap-
peal had been taken at the time of its execution, and clearly in-
dicates that such an appeal by the serving and filing of the no-
tice of appeal was to be subsequently taken. The sureties,
therefore, must be presumed to have assumed the liabilities of
sureties with a view to the appeal, so subsequently to be taken,
and, upon the taking of such subsequent appeal, the undertak-
ing became effective as such. The fact that the undertaking
was executed and filed in July does not, we think, invalidate it
as an undertaking on this appeal, it having been duly served
and refiled on October 28th, with the notice of appeal. We are
therefore of the opinion that the undertaking is a good, valid,
and sufficient undertaking in this appeal, and the motion to dis-
miss is denied.

The motion to strike the cause from the term calendar is
made upon the ground that the original papers or copies were
not filed in this court 15 days before the term, as provided in
the rules of this court, to entitle a cause to be placed upon the
term calendar. This motion is not resisted by the appellant.
As before stated, this appeal was not perfected until October
28, 1890, and the original papers were not filed in this court
until November 5, 1890. The motion to strike the cause from
the term calendar is therefore granted, and it is ordered that
the same be stricken from the term calendar for this term.