## BAIRD *et al* v. GLECKLER.

1. An appeal from a judgment only, that is entered before a new trial is applied for, presents for review errors of law brought to this court by a proper bill of exceptions.

2. It is within the sound discretion of a trial court to allow any question to be asked on redirect examination that was proper and admissible on the examination in chief.

3. In a suit by real estate brokers to recover a commission which it is claimed defendant contracted to pay upon the sale of certain real property, one of the plaintiffs testified that on the 10th day of October, 1889, he sold the property, and the defendant orally agreed to pay the firm of which he was a member a commission of $150 if the sale was consummated. On the redirect examination of the defendant his counsel offered to prove by the witness that the sale was never consummated; that plaintiffs were never authorized to sell the property, and never had anything to do with the sale of the same. This offer was denied,

and, upon the ground that a question relating thereto was incompetent, irrelevant and immaterial, an objection was sustained. *Held*, error.

(Syllabus by the Court. Opinion filed August 3, 1895.)

Appeal from Hughes county court. Hon. WILLIAM STOUGH, Judge.

Action to recover agents' commission on sale of real estate. Plaintiffs had judgment and defendant appeals. Reversed.

*Shunk & Hughes* for appellant.

A motion to make a pleading more definite and certain may be based on affidavits. Comp. Laws, sec. 4925; Boone Code Pl. 244; 8 O. St. 293; 86 N. Y. 384; Gardener v. Lock, 2 Civ. Proc. R. 252; Dorr v. Mills, 3 Id. 368; Langprey v. Yates, 13 Hun. 432.

*Horner & Stewart* for respondents.

The making and serving of a notice of intention to move for a new trial is jurisdictional and necessary. Comp. Laws, sec. 5090; Hayne, New Tr. and App., sec. 14. A bill of exceptions must be made to bring up error to the appellate court for review outside of that presented by the judgment roll itself. Bank v. McKinney, 1 S. D. 78; Boswick v. Knight 5 Dakota 307; Gayheinect v. Id., 22 Pac. 175; Cornell v. Davis, 16 Wis. 686; Campbell v. Hayes, 18 Pac. 860; Cotrill v. Cramer, 46 Wis. 488. The question of the insufficiency of the evidence to support a verdict must be presented to the trial court upon a motion for a new trial before the appellate court will consider that question. Pierce v. Manning, 51 N W. 332; 2 S. D. 517; Butterfield v. Railroad, 37 Cal. 381; Nesbit v. Gill, 38 Wis. 657; Ins. Co. v. Readinger, 44 N. W. 864; Manning v. Cunningham, 31 Id. 933; Joyner v. Van Alstyne, 30 Id. 944; Lyons v. VanGorden, 42 Id. 500; Crapsey v. Wigginhom, 3 Neb. 108. When a motion for a new trial is made and decided after the entry of judgment, an appeal from the judgment alone would not bring up the order for review. Hawkins v. Hubbard, 2 S. D. 631; 51 N. W. 774.

FULLER, J. This is an action upon contract to recover $150 which plaintiffs, who are real estate brokers, claim the defendant

agreed to pay them as a commission upon the sale of his undivided one-half interest in certain real property, alleged to have been placed in their hands for sale on the 2d day of October, 1892, and by said plaintiffs sold on the 11th day of said month. Upon the issues raised by a general denial the case was tried to a jury. From a judgment rendered upon a verdict against the defendant, and in plaintiff's favor, for the full amount claimed, defendant appeals. The record contains for our consideration only errors of law occuring at the trial, and presented by a bill of exceptions, as no notice of intention to move for a new trial was served, and no appeal was taken from the order denying a motion for a new trial, made and entered after the rendition of judgment. Mercantile Co. v. Faris, 51 N. W. 813, 5 S. D. 348; Manufacturing Co. v. Galloway, Id 565; Pierce v. Manning, 51 N. W. 332, 2 S. D. 517; Miller v. Way, 59 N. W. 467, 5 S. D. 468. Mr. Brown, a member of the partnership plaintiff, testified at the trial as follows: "I saw Mr. Gleckler on the street one afternoon, and asked him if he wanted to sell his interest in that property, and he said he did. I told him, if he did, I thought he could find a purchaser. I asked him his terms. He states that he wants eleven thousand dollars. I believe it was; yes, eleven thousand dollars. He said he would take one-half cash and one-half on time at eight per cent. interest. I told him then to come down street with me, and I would find him a buyer. So, I went down into the Pierre National Bank building, where they were doing business at that time, and went in there and found Mr. McClure and one or two other parties, and I told Mr. Gleckler here was the man who would buy his property. They agreed on the terms, and Mr. McClure offered to pay Mr. Gleckler five hundred dollars; and Mr. Gleckler said that was not necessary—his word was good. Then I asked Mr. Gleckler about the commission. He wanted to know what it would be. I said 'The regular commission.' He said that was too much. We talked back and forth about the commission, and finally agreed on one hundred and fifty dollars, and, if the sale went through, he was to pay the firm one hundred and fifty dollars." Over a valid

objection interposed by defendant's counsel, witness was here allowed to testify concerning a subsequent conversation between himself and Mr. McClure in the absence of the defendant, as a result of which it appears that Mr. McClure wrote and placed in the hands of the witness his check for $500, which was immediately thereafter delivered to the defendant to be applied on the purchase price of the property, as shown by a receipt of memorandum agreement signed by the plaintiffs and defendant, and in which the property was described and the terms of the sale specified. Prior to the introduction of other testimony, and in connection with the discussion of counsel, upon an objection to the introduction of plaintiffs' testimony concerning the transactions related and the conversation had with Mr. McClure in defendant's absence, upon the ground, among others, that no agency had been shown, the court inadvertantly made the following prejudicial statement in the presence of the jury, to which an exception was taken: "It seems that this has been all settled, and the evidence has gone to the jury that there was an agency existing between Mr. Brown or the firm to sell that property for a certain amount of money. The matter of conversation—relevant to the conversation between Mr. McClure and the witness,—I do not see that that is foreign to the case." It is conceded that Mr. McClure and the defendant owned the property jointly, and it certainly appears from the evidence of Mr. Brown, adduced upon the cross examination, that before speaking to the defendant Gleckler about the property he had been requested by an officer of the bank, in whose behalf Mr. McClure was acting in the matter, to see the defendant and to try to purchase for said bank his undivided one-half interest in the property. Defendant's attention, after testifying upon direct examination in his own behalf that he never authorized plaintiffs, or either of them, to sell his property, and that they never did sell it, was called, upon cross examination, to the memorandum or receipt above referred to, and he was asked if it contained his signature. This question being answered in the affirmative, the cross examination was closed, and defendant's coun-

sel propounded in re-direct examination the following question:
"Mr. Gleckler, you may state what conversation, if any, you had
with Mr. Brown with reference to this real estate on or about the
10th day of October, 1889." To this question the court sustained
an objection upon the ground that it was not proper redirect ex-
amination, and defendant saved an exception. While the tech-
nical and primary object of a re direct examination is to elicit an
explanation of the sense and meaning of doubtful expressions
used by the witness on cross examination, and to ascertain more
definitely what the witness desired to express by the language em-
ployed, it is within the sound discretion of the trial court to allow
any question to be asked on re-direct examination that was proper
and admissible on the examination in chief. Hemmens v. Bent-
ley, 32 Mich. 89. The evidence offered was relevant and material,
and, as the examination of witnesses was informally conducted, we
think, in the interest of justice, the court should have permitted
counsel for the defendant to present their evidence to the jury.
Moreover, the practice of allowing a witness on re-direct examina-
tion to be interrogated concerning a material subject inadvertently
overlooked in his direct examination has the sanction of usage in
actual practice, and, when the privilege of re-cross examination is
fully extended, the ends of justice are often subserved thereby.

Plaintiff Brown had testified that defendant had agreed to
pay the firm of which he was a member a commission of $150
provided the sale went through, and, in order to recover under the
complaint, it was necessary to prove a sale or show that defendant
was in some manner responsible for a failure to conclude the
transaction. Touching this point the defendant was asked the
following question: "Mr. Gleckler, was the sale of this property,
as indicated in this paper, ever carried out and consummated?"
Upon the ground that the question was incompetent, irrelevant
and immaterial, an objection interposed by plaintiffs' counsel was
sustained and an exception to the ruling of the court was taken.
As the inquiry was designed to elicit evidence bearing upon a ma-
terial issue, and the objection neither went to the form of the in-

terrogatory nor related to the ground that it was not proper on re-direct examination, the witness should certainly have been allowed to answer it. Defendants' counsel then made to the court, and put upon the record, the following statement: "We offer at this time to show that this sale was made directly by Mr. Gleckler to Mr. McClure, and not through the agency of Baird, Burke & Brown, or Mr. Brown; that Mr. Brown represents that he had another customer for the sale of this property, and that Mr. Gleckler wanted to see Mr. McClure about the sale to this pretended customer, and on that visit sold Mr. McClure the property himself. And we offer to show that this sale was never consummated; and that Baird, Burke & Brown was never authorized to sell this property to any one, and never had any hand in the sale." This offer the court denied, and the defendant was not permitted to testify concerning any subject specified therein. The purpose and materiality of the evidence offered are disclosed by the pleadings and by the evidence introduced in plaintiffs' behalf. We think its exclusion was erroneous from any point of view, and the judgment appealed from is therefore reversed, and a new trial is ordered.