## GADE v. COLLINS *et al.*

1. The insufficiency of the evidence to justify the findings of the court or verdict of the jury will only be reviewed by this court when made one of the grounds for a motion for a new trial in the trial court, and the order denying or granting a new trial has been brought to this court for review by a proper appeal.

2. An appeal from the judgment alone does not bring to this court for review an order denying or granting a new trial made after judgment.

(Syllabus by the Court. Opinion filed March 4, 1896.)

Appeal from circuit court, Lawrence county. Hon. CHAS. M. THOMAS, Judge.

Action to quiet title to a mining claim. Plaintiff had judgment and defendants appeal. Affirmed.

The facts are stated in the opinion.

*Joseph B. Moore* and *McLaughlin & McLaughlin*, for appellants.

*Martin & Mason*, for respondent.

In order to raise the question as to the sufficiency of the evidence to support the court's findings, a motion for a new

trial is necessary. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Norwegian Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17. See also Hayne New Trial App. §§ 17, 19 and 22; 16 Am. & Eng. Ency. Law, 625; Thorn v. Finn (Cal.), 10 Pac. 414. Though the motion for new trial were filed in time, yet it was insufficient, because it did not state "whether the same would be made upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case." Sec. 5,090 Comp. Laws; Fabian v. Callhan, 56 Cal. 160. The insufficiency of the evidence cannot be considered for the further reason that the appeal herein was from the judgment only, and not from the order denying motion for new trial. Hawkins v. Hubbard, *supra*; Barnard Co. v. Galloway, 5 S. D. 205, 58 N. W. 565. See Greeley v. Winsor, 50 N. W. 630; Rudolph v. Herman, 57 N. W. 66.

CORSON, P. J. This is an action to quiet plaintiff's title to a mining claim located and known as the "Dividend Lode." The appellants, who are defendants in the action, claimed the same mining ground under and by virtue of a relocation of the same under the name of "Cassie Lode." The case was tried by the court without a jury, and findings were made, and a judgment rendered in favor of the plaintiff and respondent. From this judgment the defendants appeal.

The principal ground relied on to sustain the relocation of the mining claim by appellants was the failure of the respondent, claimant of the Dividend lode, to expend in development work upon that claim during the year 1886 the full sum of $100, as required by Sec. 2324, Rev. St. U. S., and Sec. 2009, Comp. Laws, and by reason of such failure the respondent's right to the claim was forfeited. The important question in the case therefore is, was the required amount of work done upon the Dividend claim? Appellants insist that there was a preponderance of the evidence in favor of their theory that the requisite amount of work was not done, and that is the only

question discussed in appellants' brief on this appeal. The finding to which special objection is made as not justified by the evidence is as follows: "That during the month of January, 1886, the plaintiff caused to be performed and made upon said Dividend lode claim, and within the lines thereof, one hundred ($100) worth of labor and improvements in sinking a shaft thereon; that the plaintiff has at no time abandoned or intended to abandon any part of said Dividend mining claim."

A preliminary question is raised by the respondent, to be first determined, and that is, can the court, upon the record in this case, review the questions of fact presented? The respondent contends that such review cannot be made in this case for four reasons: (1) Because the notice of intention to move for a new trial was not served within the time prescribed by the statute; (2) because the notice of motion to move for a new trial did not state whether the motion would be made upon affidavits, minutes of the court, bill of exceptions, or statement; (3) because the bill of exceptions was not served and settled within the time prescribed by the statute; (4) because no appeal has been taken from the order of the circuit court denying appellants' motion for a new trial. The first and third objections cannot be sustained, for the reason that it does not affirmatively appear that the time within which such notice of intention and bill of exceptions could be served was not extended, or another time fixed, as provided by Sec. 5093, Comp. Laws. When it is not affirmatively shown that no such extension has been granted, or another time fixed, as provided by the statute, this court will presume that the court below proceeded regularly and in accordance with the provisions of the statute. Johnson v. Railroad Co. (N. D.) 48 N. W. 227. The second objection cannot be sustained for the reason that the objections to the notice of intention made in this court do not affirmatively appear to have been made in the court below. In such case this court will presume that the objections to the insufficiency of the notice of intention as to matters of form were waived by

the respondent. The fourth objection has merit, and is entitled to a more careful consideration. It may be regarded as settled by the decisions of this court that this court will not review the evidence in a case to determine its sufficiency to justify the verdict of the jury or findings of the court, unless the same has been brought to the attention of the court below on a motion for a new trial, passed upon by that court, and brought before this court for review in some manner prescribed by law. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Plow Co. v. Bellou, 4 S. D. 384, 57 N. W. 17; Evenson v. Webster, 3 S. D. 382, 53 N. W. 747. When the motion for a new trial is made and determined before a judgment is entered in the action, an appeal from the judgment brings up the order of the court denying or granting the motion for a new trial as an intermediate order that can be reviewed by this court provided the decision of the court denying or granting the motion is assigned as error. Hawkins v. Hubbard, *supra*; Granger v. Roll (S. D.) 62 N. W, 970. On such an appeal from the judgment the sufficiency of the evidence to justify the findings or verdict may be reviewed by this court. But when the order denying or granting a new trial is made after judgment in the action, an appeal from the judgment alone does not bring up such order, made after judgment. Hawkins v. Hubbard, *supra*; Manufacturing Co. v. Galloway, (S. D.) 58 N. W. 565. And if the appellant desires a review of the evidence in such case he must appeal from the order denying or granting a new trial to entitle him to such review. A party may, however, include such an appeal in the notice of appeal from the judgment. Hawkins v. Hubbard, *supra*. Unless the order denying or granting a new trial made after judgment, is appealed from, either in connection with the appeal from the judgment or independently, the decision of the court below upon the question of the sufficiency of the evidence to justify the findings or verdict will be *res adjudicata*. Weber v. Tschetter, 1 S. D. 505, 46 N. W. 201. In this case it appears from the

record that more than a year elapsed after the judgment was entered before the order denying appellants' motion for a new trial was made. No appeal being taken from that order, the same is final and conclusive as to the sufficiency of the evidence to justify the court's findings of fact, and this court cannot disturb them.

The learned counsel for the appellants, in their reply brief, contend that under the last clause of Sec. 5237, Comp. Laws, it is made the duty of this court to review the evidence when exceptions to the findings of fact have been duly taken by either party, and insist that the case of Randall v. Burke Twp. (4 S. D. 337) 57 N. W. 4, settles this question. But it will be noticed that in that case the appeal was from the order denying the motion for a new trial as well as from the judgment. Of course, therefore, the language quoted from that opinion as follows: "The last clause of Sec. 5237, Comp. Laws, which provides that any question of fact or of law decided upon trials by the court or by referee may be reviewed when exceptions to the findings of fact have been duly taken by either party and returned, requires this court, in a cause tried by a court or referee, to review the questions of fact as well as law, where proper exceptions have been taken in the court below,"—was used with reference to the facts of the case then before the court. The court in that case did not intend to to be understood as holding that the evidence could be reviewed, except in cases where a motion for a new trial had been properly made, and an appeal from the order denying or granting the motion duly taken. This question has been so fully considered in the prior case of Pierce v. Manning and other cases that the court in the Burk Tp. Case did not deem it necessary to again discuss the questions decided in those cases.

It necessarily follows from these conclusions that, as no appeal has been taken from the order of the court below denying the motion for a new trial, the question of the sufficiency of the evidence to justify the findings of the court is not before us

for review, and that the decision of the court denying such motion for a new trial is conclusive upon the parties and upon this court as to the sufficiency of the evidence to justify the findings and precludes this court from the consideration of that question on this appeal from the judgment alone. There are in the record other assignments of error, but counsel for appellants in their brief have only discussed the one relating to the sufficiency of the evidence. Following the rule, therefore, usually adopted in such cases, to consider the assignment of errors not discussed in the briefs as waived, nothing is left for review except the judgment roll, and, finding no error in that, the judgment of the court below is affirmed.