## HAGAMAN V. GILLIS.

1. Where a paper is shown to have been last in the possession of a person who is out of the state, notice to the adverse party to produce the paper is not necessary, to render secondary evidence of its contents admissible in evidence.

2. Plaintiff held a relinquishment by G. of a tree claim entry, which he delivered to G. for the purpose of permitting G. to make proof, and completing a sale of the land to a third person. The land was conveyed by G. to the person designated by plaintiff, and defendant, who acted with G., as agent of plaintiff, in negotiating the sale, retained a portion of the proceeds, falsely representing that it had been paid to a third person to induce him to withdraw a contest to the proving of the claim. *Held*, that defendant could not defeat a recovery of the money

so retained on the ground that the sale of the tree claim entry by G. to plaintiff was within the statute of frauds.

3. Where the order denying a new trial is made after judgment, an appeal from the judgment does not bring up for review the sufficiency of the evidence.

(Opinion filed July 15, 1896.)

Appeal from circuit court, Davison county. Hon. D. HANEY, Judge.

Action by E. S. Hagaman against C. W. Gillis. There was a judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*H. C. Preston,* for appellant.

Notice to produce is an indispensable prerequisite to the introduction of secondary evidence of the contents of an instrument, and the fact of the giving of the notice must be proved before such secondary evidence can be offered. Patterson v. Linder, 14 Ia. 416; Com. v. Emery, 2 Gray 80; Carland v. Cunningham, 37 Pa. St. 228; Weeks v. Lyons, 18 Barb. 530. There must be a refusal to produce. Thayer v. Ins. Co., 27 Mass. 326; Bank v. Silk Co., 44 Mass. 282; Greenl. on Ev. (15th Ed.), §§ 562, 563. The contract was not to be performed within one year, and therefore was within the statute of frauds. The money or the value of the property could be recovered back by respondent, in an action for money had and received. Moody v. Smith, 70 N. Y. 598. "It is essential that the party addressed should trust the representation, and be so thoroughly induced by it, that judging from the ordinary experience of mankind, in the absence of it he would not have entered into the transaction." 2 Pomeroy Eq., § 890; Lefler v. Field, 52 N. Y. 621; Oberlander v. Speiss, 45 N. Y. 175; Meyer v. Amidon, Id. 170; 5 Am. & Eng. Encyc. Law 327; McCready v. Phillips, 63 N. W. 7; Taylor v. Guest, 58 N. Y. 262; Stetson v. Riggs, 56 N. W. 628; Runge v. Brown, 37 N. W. 660; White v. Smith, 39 Kan. 752; Humphry v. Merriam, 20 N. W. 138. It must be shown that the person charged made the representations al-

leged; that they were false to his knowledge, and that the representations were relied upon and were the inducing cause for parting with the property. Brackett v. Griswold, 112 N. Y. 466; Arthur v. Griswold, 55 N. Y. 400; Wakeman v. Dalley, Id. 27; Morgan v. Skiddy, 62 N. Y. 319; Van Wheel v. Winston, 115 U. S. 228. See, also, Sioux Banking Co. v. Kendall, 6 S. D. 543.

*A. E. Hitchcock*, for respondent.

The question whether the absence of a document is sufficiently accounted for is addressed to the discretion of the trial judge, and the court on appeal will not reverse his decision of that question except when he is clearly wrong. Rice Ev., §§ 110, 112.

It is well settled that if books or papers necessary as evidence in court in one state be in the possession of a person living in another state, secondary evidence without further showing may be given to prove the contents of such papers, and notice to produce them is unnecessary. Burton v. Driggs, 20 Wall. 125; Commonwealth v. Moulter (Mass.) 8 N. E. 428; 8 Cal. 50. See, also, Greenl. Ev., 12th Ed., § 560. It is the deception practiced by Gillis and son in order to retain a portion of this money so entrusted to them, of which plaintiff complains and about which the action is brought. Fideler v. Norton, 4 Dak. 258; Manchester v. Railroad, 20 Atl. (N. H.) 383. It has been established by the United States supreme court that unless forbidden by positive law contracts between parties relating to entries are valid between the parties. Lamb v. Davenport, 18 Wall. 307; Hussey v. Smith, 99 U. S. 20; Wilkinson v. Wynn, 33 Pac. 582. The alleged error based upon the insufficiency of evidence to justify the verdict will not be reviewed where the motion for a new trial was made subsequent to judgment and when no appeal has been taken from the order denying the motion for a new trial. Pierce v. Manning, 1 S. D. 306, 51 N. W. 332; Barnard & Leas Mfg. Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Miller y. Way *et al.*, 5 S. D. 468, 59

N. W. 467; Granger v. Roll, 6 S. D, 611, 62 N. W. 970; Baird v. Gleckler, 7 S. D. 284, 64 N. W. 118; Hawkins v. Hubbard, 3 S. D. 631. On the motion to direct a verdict, the specific objections having been stated, all others are waived, and no objection not then cited can be brought before the appellate court upon an exception to a ruling on such motion. State v. Lehman, 2 S. D. 184; Gains v. White, 2 S. D. 410; Elliott Appellate Procedure, § 775; Smith v. Bean, 48 N. W. 687; Triggs v. Jones, Id. 1113; Commonwealth v. Mead, 26 N. E. 855; Bailey v. Railroad, 3 S. D. 531, 54 N. W. 596; Rayl v. Hammond's Est., Id. 693.

CORSON, P. J. In 1889 one D. C. Gillis, the father of the defendant, was the owner of a tree claim in Davison county, in this state, and in that year had transactions with the plaintiff, resulting in the relinquishment of said tree claim, and placing the same in the hands of the plaintiff, but it was never filed in the land office. The plaintiff, who was a resident of the state of Michigan, before his return home left this tree claim, with other property he had purchased, in charge of the defendant, the son of D. C. Gills, as agent. In 1893, about the time for proving up on said claim, the defendant procured one Brooks to file a contest against said tree claim, and thereupon notified the plaintiff of such contest, and informed him that it could be settled for $750, and avised the plaintiff to settle, as the claim, when proved up, could be sold for $1,500. The plaintiff acted upon this information and advice, and at once prevailed upon the father, D. C. Gillis, who was also a resident of the state of Michigan, to come to South Dakota and prove up his said tree claim, and returned to him the relinquishment which he had received, in order to enable said D. C. Gillis to make the required proof. The said D. C. Gillis, the father, came to Davison county, where his son resided. Brook's contest was withdrawn, the required proof made, the proper duplicate receipt given, and the claim sold for $1,500. Of this sum, the father or son, or

both, retained $750, as money they had paid to Brooks, the contestant, to withdraw his contest, but who in fact was paid only $25 for his services and expenses in filing the same. This action was instituted to recover the $750 so fraudulently withheld by the defendant and his father from the plaintiff. The action was tried to a jury, and verdict and judgment rendered in favor of the plaintiff, and from the judgment the defendant appeals.

The errors relied upon by the defendant for a reversal of the judgment are as follows: (1) The court erred in admitting in evidence a copy of the receiver's receipt issued to D. C. Gillis for the tree claim in controversy, and also erred in receiving in evidence a copy of the relinquishment by Delavan C. Gillis and wife to the tree claim in controversy, which was marked ''Exs. Y and Z." (2) The evidence does not show that respondent became the owner of the land. The alleged contract of purchase was oral. Gillis was to make proof, and then give him a deed. This could not be performed within a year. The agreement was for a sale of real estate, and not valid, because of no note or memorandum in writing subscribed by the party to be charged. (3) The evidence does not show that respondent relied upon any representations made, or was fraudulently induced by appellant or his father to take $750 in the settlement claimed to have been paid Brooks.

On the trial the plaintiff sought to prove the contents of the relinquishment by copies. The foundation for this secondary evidence was laid as follows: (1) It was shown that the plaintiff had possession of the original papers. (2) That in the state of Michigan, plaintiff delivered the original papers to D. C. Gillis. (3) Since that time he had not seen them, and did not know where they were. (4) That he did not know the postoffice address of said D. C. Gillis, or his residence or whereabouts, and could not obtain his deposition. (5) That at the time of the trial said D. C. Gillis was in the state of Washington, and out of the jurisdiction of the court. The plaintiff also proved that he had served notice upon the defendant to

produce the original relinquishment in court at the trial of said cause, and that said D. C. Gillis was out of the state. These copies, when offered in evidence, were objected to upon the grounds that the evidence was incompetent, no sufficient foundation laid for it, that it was not evidence of purchase, etc. The objections were overruled, and exceptions duly taken.

The only contention of appellant, in this court, is that there is no evidence that the notice was served in time to enable the defendant to produce the original, and that there is no evidence that the defendant failed to produce the original on the trial. It does not affirmatively appear by the record when the notice was served, and hence this court cannot say the trial court erred in its decision. In the absence of an affirmative showing that the court below erred in its rulings, it will be presumed that its rulings were correct. The party alleging error in this court must be able to establish affirmatively the existence of such error by the record. Kent v. Insurance Co., 2 S. D. 300, 50 N. W. 85. But, upon principle and authority, we think the ruling of the court was correct. It was shown that the last person in possession of the original relinquishment was D. C. Gillis, and he was shown at the time of the trial to be living in the state of Washington. There was no presumption that this document was in the possession of the defendant, and hence no notice to him to produce it was necessary. The rule in such cases is thus stated by the supreme court of the United States in Burton v. Driggs, 20 Wall. 125: "It is well settled that, if books or papers necessary as evidence in a court in one state be in possession of a person living in another state, secondary evidence, without further showing, may be given to prove the contents of such papers, and notice to produce them is unnecessary." Shepard v. Giddings, 22 Conn. 282; Eaton v. Campbell, 7 Pick. 10; Brown v. Wood, 19 Mo. 475; 1 Greenl. Ev. note a, § 561. The evidence on the part of the plaintiff, in this case, brings it duly within this rule, and no notice to produce

the document was in fact necessary. It is only when the instrument is, or may be presumed to be, in the possession or under the control of the adverse party that notice to produce it is required. 1 Greenl. Ev. § 560, and notes.

It is further contended by the appellant that the sale of the tree claim by the said D. C. Gillis to the plaintiff was not in writing, as the relinquishment did not constitute a transfer of the tree claim, and the agreement to convey it was therefore void under the statute of frauds. If this was an action to enforce specific performance of the contract to convey, or for damages for a failure to convey, there would be much force in appellant's contention. But this is not the theory upon which the action is based. Plaintiff's theory will perhaps be better understood from the statement made by the learned counsel for respondent in his brief, as follows: "Plaintiff's right of recovery commences with the fact of holding in his possession, as owner, a relinquishment of the D. C. Gillis t. c. entry, by means of which he could at any time have made his own entry upon the tract. While thus holding this relinquishment he delivered the same to D. C. Gillis for the purpose of permitting Gillis to make proof on the land, and completing the sale to the third party. Gillis made the proof, completed the sale and held out to plaintiff that he turned over all the proceeds, less legitimate charges for expenses, commission, and contest. Plaintiff maintains that D. C. Gillis and the defendant were his agents and trustees in making the proof and sale of the land, and that he was wronged in the acts of the defendant fraudulently deceiving plaintiff as to the amount of legitimate expenses to be deducted from the amount of the land sale. D. C. Gillis completed his oral agreement to make proof on the land. Of this, plaintiff makes no objections. D. C. Gillis deeded the land to the party wholly satisfactory to plaintiff. But, after performing these acts, D. C. Gillis was intrusted with $1,500 for the benefit of plaintiff. It was admitted that this money belonged to plaintiff, less the proper deductions. It is the decep-

tion practiced by Gillis and son in order to retain a portion of this money so intrusted to them, of which plaintiff complains, and about which the action is brought." This seems to have been the view of the case taken by the learned circuit court, and would seem to be the correct view. The oral agreement was executed in compliance with its terms, and the withholding from plaintiff of a part of the money belonging to him was not under any claim of right to retain it by reason of any invalidity in the original contract but upon the fraudulent claim that the money had been used in settling the protest which had been filed by the procurement of the defendant, and which the jury must have found, by their verdict, was done by the defendant, in connection with his father, for the purpose of defrauding the plaintiff. We are unable to discover. therefore, any force in the argument that the defendant should be relieved from liability by reason of the invalidity of the original contract; admitting, for the purpose of this discussion, that the contract was invalid. This case seems to come clearly within the principle of the decision in Fideler v. Norton, 4 Dak, 258, 30 N. W, 128, and 32 N, W. 57.

It is further contended by appellant that "the evidence does not show that the respondent relied upon the representations made, or was fraudulently induced to allow this amount." The respondent objects to the consideration of this question by this court, for the reason that the sufficiency of the evidence to justify the verdict is not before the court, there being no appeal from the order denying the motion for a new trial which was made after the judgment in the case was entered. The record seems to sustain respondent's objections. The judgment was rendered in December, 1884, and the order denying the new trial was made in March, 1895. The appeal is from the judgment alone. This court has held in a number of cases that, when the order denying or granting a new trial is made after judgment, an appeal from the judgment does not bring before this court for review the sufficiency of the evidence to

justify the verdict or findings. This question was fully discussed in Gade v. Collins (S. D.), 66 N. W. 466, recently decided by this court, as well as in several former cases. Pierce v. Manning, 1 S. D. 306, 47 N. W. 295, and 51 N. W. 332; Barnard & Leas Manuf'g Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Miller v. Way, 5 S. D. 468, 59 N. W. 467; Granger v. Roll (S. D.), 62 N. W. 970; Baird v. Gleckler (S. D.), 64 N. W. 118; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17; Evenson v. Webster, 3 S. D. 382, 53 N. W. 747. Following the rule laid down in these decisions, the objection of the respondent to the consideration of the evidence must be sustained. · Possibly, if the position now taken had been taken in the motion to direct a verdict, it might be considered, but the point now made in this court was not made a ground for the motion to direct a verdict. The counsel specified fully the grounds upon which they asked the court to direct a verdict, as they are required to do. Tanderup v. Hansen (S. D.), 66 N. W. 1074. And not having included the ground now relied upon, it cannot be considered. Finding no error in the record, the judgment of the circuit court is affirmed.

HANEY, J., took no part in the decision.