BOURNE v. JOHNSON *et al.*

1. Where, after the evidence has been submitted, and plaintiff has moved for direction of a verdict, the case is continued for argument, a refusal on such argument to allow defendant to introduce further evidence was in the discretion of the court.

2. Where, after judgment rendered, an order denying a new trial was entered, and was not appealed from, the sufficiency of the evidence to justify the judgment cannot be reviewed.

(Opinion filed May 12, 1897.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action for damages. Plaintiff had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*N. P. Bromley,* for appellants.

*H. C. Walsh* and *C. T. Howard,* for respondent.

HANEY, J.   At the trial, after the evidence had been submitted on both sides, and after plaintiff had moved for a direction of the verdict, defendant desiring further time to argue the legal propositions involved, by consent of parties this cause was withdrawn from the jury, and it was agreed that the court should listen to further argument upon the legal propositions, and make such findings of fact as might be necessary.   This agreement was made on May 17, 1895.   June 3, 1895, defendant asked leave of court to offer testimony which should have been offered upon the trial, without alleging or showing any accident, surprise or excuse for not having offered it at the proper time.   Assuming what is decidedly doubtful, that appellant could secure an opportunity to offer this omitted evidence without an application for a new trial, made in the manner and for one or more of the causes provided by the statute (Comp. Laws § 5088), its request was addressed to the discretion of the court, and the ruling thereon will not be reversed unless there was a manifest abuse of discretion.   Clearly, no abuse of discretion has been shown.   Subsequently the court made and filed its decision and rendered judgment in favor of plaintiff.   If an order denying a new trial was ever made, it was made after judgment, and, as it has not been appealed from, this court cannot consider the sufficiency of the evidence to justify the decision.   Gade v. Collins (S. D.) 66 N. W. 466, and cases cited. It must be presumed that the evidence was sufficient to justify the decision, and, as the facts therein found fully sustain the judgment, it must be affirmed.   It is so ordered.