## BLACKMAN v. CITY OF HOT SPRINGS.

1. Where an appeal is from the judgment alone, and not from the order subsequently made denying a new trial, no question of the sufficiency of the evidence to justify the findings can be reviewed.

2. Where, in an action against the city on its warrants, there was no claim that the transfer of the warrants to plaintiff was without notice, or before maturity, the admission of evidence that the agent of the plaintiff at the time of the purchase of the warrants had never

heard of any defense to them, though erroneous, was not prejudicial to defendant.

3. Where, in an action on city warrants, plaintiff based his right to recover on the fact that defendant had failed to levy taxes to pay the general fund warrants issued by the city, and had used money belonging to that fund in paying other warrants, instead of applying it to the proper payment of warrants in the order of their presentation, plaintiff could show on cross-examination of defendant's witnesses that moneys had been so appropriated by the city to the current fund, instead of being applied to warrants as presented.

4. Where the evidence cannot be reviewed, it will be presumed that the findings of the court were based on sufficient evidence.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Fall River county. Hon. Levi McGee, Judge.

Action by Frank Blackman against the city of Hot Springs to recover upon certain city warrants. Judgment for plaintiff. Defendant appeals. Affirmed.

*G. M. Cleveland,* for appellant.

City warrants are not negotiable instruments in the hands of holders so as to exclude inquiry into the legality of their issue, or to preclude defenses thereto. 1 Dillon's Municipal Corporations, Sec. 484, 503; Goose River Bank v. Willow Lake School Township, 44 N. W. 1002; Bank v. School District, 48 N. W. 363.

Money derived by a city from fines and licenses is not taxes levied for general purposes. 1 Dill. Mun. Corp. 367; Sec. 3, Art. 5, Chap. 37, Laws 1890.

The tax payer has a right to know before a municipal tax is levied just how much is to be levied and for what purpose it is to be expended. An annual appropriation ordinance must be passed and published notifying all the tax payers for what purposes they are to be taxed and how much is to be raised by taxation for each specified

purpose. This was not done in either year in which the expenditures were made for which these warrants were issued, and therefore the warrants are illegal, null and void. Ravena v. Penn. Co., 45 Ohio State, 118; Stewart v. Otoe county, 2 Neb. 177; The Sioux City and Pacific R. R. v. Washington County, 3 Neb. 30; Hurford v. City of Omaha, 4 Neb. 350; 1 Dillon on Municipal Corporations, 89.

*Ebin W. Martin* and *Norman T. Mason,* for respondent.

A judgment will not be reversed in the supreme court on account of the admission of improper evidence, when it fully appears that without such evidence the final decision must have been the same. John A. Tollman Co. v. Bowerman, 5 S. D. 197; Hudson v. Archer, 68 N. W. Rep., 541; 2 Enc. Pl. and Pr. p 500; Yankton Ass'n v. Dowling, 74 N. W. 438.

In this state it is not necessary to either allege or prove that a municipal corporation has funds applicable to the payment of warrants sued upon, or that funds have been diverted from their lawful purpose. The presentation of a warrant to defendant's treasurer, and his refusal to pay the same are alone sufficient to give the plaintiff a right of action, even though there may be no money in the treasury to pay. Kane & Co. v. Hughes Co., 81 N. W. Rep. 895 (S. D.); Hefflman v. Pennington Co., 3 S. D. 162; Edinburg C. v. City of Mitchell, 1 S. D. 593; 15 Am. and Eng. Enc. Law, p 1218; 1 Dillon Mun. Corps., Sec. 501; 14 Enc. Pl. and Pr., p 256.

The insufficiency of the evidence to justify the findings of the court will only be reviewed by the supreme court when made one of the grounds for a motion for a new trial in the trial court, and the order denying or granting a new trial has been brought to the supreme court for review by a proper appeal. An appeal from the judgment alone does not bring to this court for review an order de-

nying or granting a new trial made after judgment. Grade v. Collins, 8 S. D. 322; Bourne v. Johnson, 10 S. D. 36; Parish v. Mahoney, 10 S. D. 276.

CORSON, J. This is an action by the plaintiff to recover of the defendant the sum of $11,000 and interest on city warrants issued by the defendant city. The case was tried by the court. Findings and judgment being in favor of the plaintiff, the defendant appeals.

The motion for a new trial was made subsequently to the entry of judgment and order made denying the same, but, as the appeal is from the judgment alone, and not from the order denying a new trial no question of the sufficiency of the evidence to justify the findings can be considered by this court. Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Bourne v. Johnson, 10 S. D. 36, 71 N. W. 140; Parrish v. Mahaney, 10 S. D. 276, 73 N. W. 97. The only questions, therefore, which we can consider, are alleged errors of law occurring at the trial, and the question of whether or not the judgment is sustained by the findings. The complaint is in the usual form. The defendant admits the execution and delivery of the warrants described in the complaint, and that the same were presented to the treasurer of said defendant city for payment, and were not paid for want of funds, and that the same were duly registered by said treasurer. In the fourth paragraph of the answer the defendant alleges that a large part of said warrants—designating their numbers —were issued without authority of law, and in violation of law, and are therefore null and void. For a second defense the defendant alleges that all of the warrants described in the plaintiff's complainr were issued in violation of Section 2, Art. 10, of the constitution of this state, being issued for indebtedness for public purposes not specified by law, and for purposes not mentioned nor specified in the an-

nual appropriation ordinances passed for the several years in which the said warrants were issued; and that there was an outstanding indebtedness against said city exceeding 5 per centum of the assessed value of the taxable property of said city; and were drawn upon a general fund, to create which no valid tax had been levied, and no taxes had been provided for their payment when said warrants were issued. And for a third defense the defendant alleges that none of the warrants described in plaintiff's complaint are yet due and payable; that numerous other city warrants drawn upon the same fund were presented for payment, and were duly registered by the treasurer of said city, and indorsed "Presented, and not paid for want of funds," before any of the warrants described in plaintiff's complaint were presented for payment and indorsed as before stated, which said warrants still remain unpaid for the reason that there is no money in the hands of the city treasurer, nor has there been at any time such funds which might be legally applied to the payment of such warrants. The court in its findings of fact finds, among other things: "That during many of the years since said warrants were issued no general fund levy whatever for the payment of general fund warrants was made by the defendant's city council. * * * That the city council applied all, or nearly all, of the cash received by the city to the city hall fund, a fund which is unknown to the law. There is also created and maintained by the defendant a current expense fund, into which cash receipts for licenses, etc., are covered, and from which indebtedness for subsequent years incurred for running expenses was paid in preference to indebtedness for the same character of expenses for prior years. That sufficient time has elapsed since the issuance of the warrants in suit to enable the defendant to levy and collect money in the mode prescribed by law with which to pay said warrants. That at no time since the issuance

thereof has the defendant levied a tax for the purpose of paying said warrants or general fund indebtedness of the defendant to the amount fixed and allowed by law." The court further finds that the allegations of the fourth paragraph of the defendant's answer are untrue, and that the allegations of the second paragraph are untrue; and the court concluded as matter of law that the plaintiff was entitled to judgment and judgment was entered accordingly.

The appellant contends that the court erred in overruling its objection to the following question propounded to the witness J. F. Edmunds, called on the part of the plaintiff: "At the time you made the purchase of the warrants in suit, I will ask whether or not you ever heard or knew of any proposed defense to these warrants on the part of the city." This was objected to as incompetent, irrelevant, and immaterial, as a city warrant is not negotiable. Objection overruled. The answer was, "I never heard of any defense." He further answered that while he was purchasing said warrants some question came up as to general and special warrants, and the city attorney, Mr. Fry, was appointed to examine the warrants that had been issued, and the witness sent him a list of warrants, which the attorney passed upon as being all right. A motion was made to strike out this evidence, and denied. We discover no reversible error in these rulings of the court. The witness seems to have been called for the purpose of showing that, as the agent of the plaintiff, he had purchased the warrants for him, and that he was the legal owner of the same. It is contended by the appellant that the court must have been influenced by this question and answer, for the reason that the admission of the evidence would indicate that the court took the view that the warrants sued upon were negotiable and free from defenses in the hands of an innocent purchaser; but it does not appear from the court's findings or from its conclusions of law that it took any such

view of the case, but, on the contrary, it appears affirmatively therefrom that the court took an entirely different view. There is not a suggestion in the findings that the transfer of the warrants was made without notice, or before maturity. Nor does the court in its conclusions of law, make any statement that the plaintiff is a bona fide holder or otherwise. It is therefore evident that the judgment is not based upon any supposed character of the warrants in suit, and that the court attached no importance to the evidence in question. Assuming, however, that the court erred in admitting this evidence, we think it affirmatively appears from the findings of fact and conclusions of law that the error was not prejudicial to the defendant, and does not, therefore, constitute reversible error.

It is further contended that the court erred in overruling the appellant's objection to certain other questions, only one of which appears in the abstract. This was one propounded to the witness Stanley by the plaintiff on cross-examination: "How long has the city maintained a city expense fund?" Objected to as immaterial. Overruled. His answer was: I don't remember the exact date. * * * During all the time I have been treasurer and deputy treasurer." In a former answer he had stated that he had been treasurer or deputy treasurer for four years. We are of the opinion that this question was perfectly proper, and was material. The plaintiff's theory, which gave him a right to recover in this case, was that the defendant had failed to levy taxes to pay the general fund warrants issued by the city, and had used money that properly belonged to the general fund in paying warrants issued upon the so-called "current expense fund," instead of applying the money to the payment of warrants in the order of their presentation and registration. It was perfectly competent, therefore, for the plaintiff, on cross-examination of this witness, to show that moneys received by the city had

been appropriated to the current expense fund, instead of being applied to the payment of warrants in the order of their presentation.

It is further contended on the part of the appellant that there is nothing in the record to show that there was money in the treasury for the payment of these warrants, or that sufficient time had elapsed to enable the city to levy and collect it in the mode provided by the revenue law. It is a sufficient answer to this contention to say that the court has found otherwise, and, as we cannot review the evidence to determine its sufficiency to support the findings, we must presume that the finding is based upon sufficient evidence.

It is further contended on the part of the appellant that all the warrants sued upon in this case are illegal and void from their inception, for the reason that there was no ordinance passed as an appropriation bill for any fiscal year in which said warrants were issued. The court finds in effect, that all the warrants described in plaintiff's complaint are legal and valid warrants, and were issued for labor and materials for which the defendant had power to contract, and which were actually purchased and used by the said city, and were for its benefit; and that no part of said warrants had been paid, and that the whole amount thereof, with interest from the date of registration, as alleged in the second paragraph of the amended complaint, was due and unpaid. We must presume that these findings were fully supported by the evidence, for the reasons before stated. We are of the opinion that the findings fully support the judgment. This court held, in the recent case of Stewart v. Custer Co. 14 S. D. ——, 84 N. W. 764, that county warrants are not due and payable until funds have been collected applicable to their payment, provided the officers of the county have used reasonable diligence within the limits of the law to levy and collect funds for the payment of the same in the order of their registration and the same

rule applies to city warrants. But the court in the case at bar, as we have seen, affirmatively finds that sufficient time had elapsed to enable the city to levy and collect funds in the mode prescribed by law with which to pay the warrants in suit, and that it had failed to levy and collect taxes to pay said warrants. Under these findings, therefore, the court very properly rendered judgment in favor of the plaintiff upon these warrants. The judgment of the court below is affirmed.