## BLACKMAN v. CITY OF HOT SPRINGS.

Amendment of the bill of exceptions allowed by the trial court without good cause shown, on application two years after entry of judgment and settlement of the bill of exceptions, by adding the specification of particulars in which the evidence is deemed insufficient to sustain the judgment, being unauthorized, will be struck out on motion.

(Opinion filed Nov. 11, 1903.)

Appeal from circuit court, Fall River county, Hon. LEVI McGEE, Judge.

Action by Frank Blackman against the city of Hot Springs. From orders denying a new trial, defendant appeals. Affirmed.

*C. S. Eastman, G. M. Cleveland* and *Elmer R. Juckett,* for appellant.

*Martin & Mason,* for respondent.

FULLER, J. The judgment entered in this action was appealed from June 21st, 1899, and affirmed in this court May 4th, 1901. As no appeal was then taken from the order overruling the motion for a new trial, made after the entry of such judgment, the sufficiency of the evidence to justify the findings of fact in favor of respondent was presumed.

From a careful examination of the entire record, it was

determined that the facts as found sustained the judgment, and that no error of law occured at the trial. Blackman v. City of Hot Springs, 14 S. D. 497, 85 N. W. 996. Six months after the decision of this court was filed, and without anything to excuse the omission and delay of about two years after entry of judgment and the settlement of the original bill of exceptions, appellent was permitted to amend the same in the the court below by adding thereto the usual specification of particulars, in which the evidence is deemed insufficient to sustain the judgment. This appeal is for two orders over· ruling motions for a new trial, entered, respectively, on the 17th day of July, 1899, and the 3rd day of April, 1902, The granting of the amendment to the bill of exceptions so long after the statutory time for its settlement had expired, and without "good cause shown" being wholly unauthorized, we need not determine whether the trial court has jurisdiction to hear and determine a second motion for a new trial based upon the grounds relied upon in a former motion previously denied.

By allowing appellant's belated application to amend the bill of exceptions, the condition in which the bill stood when disposed of in this court is materially changed, and respondent's motion to strike out such amendment must be sustained.

As the record. thus purged of the amendment, is precisely the same as that presented by the appeal from· the judgment, assignments of errors relating to the sufficiency of the evidence to sustain the findings of fact cannot be considered.

By adopting the theory of counsel for appellant that the only available motion for a new trial was made on April 3rd, 1902, it need not be determined whether this court will simul-

taneously entertain separate appeals from different orders overruling motions for a new trial for the same case.

The action of the court below in denying a new trial is affirmed.