## FOSS v. VAN WAGENEN.

On appeal from the judgment only, where it was entered before the order denying the motion for new trial was made, the sufficiency of the evidence to sustain the findings cannot be reviewed.

The acknowledgment in a chattel mortgage, over the signature of the mortgagor, of delivery to him of a full, true, perfect, and complete copy of the mortgage, is at least prima facie evidence that such delivery was made, as required by Laws 1897, p. 250, c. 95 § 1, failure of which fact to appear on the mortgage is declared by section 2 to make it void.

(Opinion filed, Sept. 2, 1905.)

APPEAL from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by Adam Foss against Frank Van Wagenen. Judgment for plaintiff. Defendant appeals. Affirmed.

*E. E. Wagner,* for appellant. *Preston & Hannett,* for respondent.

CORSON, P. J. This case comes before us on appeal by the defendant from a part of the judgment entered in the court below. The judgment was rendered on the 16th day of May, 1903, and on the 10th day of September, nearly four months after the judgment was entered, the court made its order denying the motion for a new trial. The defendant in its notice of appeal has appealed simply from the judgment, specifying the part appealed from. It is recited in the abstract as to the notice of appeal as follows: "On the 10th day of September, 1903, after the entry of the order denying the defendant's motion for a new trial, the defendant perfected an appeal to the Supreme Court of the State of South Dakota, by serving upon the plaintiff and the clerk of the circuit court of Davison county a notice of appeal, specifying that he appealed from that part of the judgment and decree wherein it is by the court ordered, adjudged, and decreed that the property described in said chattel mortgage * * * shall be sold by public auction, by serving upon the plaintiff and filing in the office of the clerk of said court an undertaking in due form of law. * * * Thereafter a supersedeas bond was duly served and filed." No appeal was taken from the order, or any part of the order, denying the motion for a new trial.

It is contended by the respondent that the question of the suffi-

ciency of the evidence to justify the findings of the court cannot, upon this appeal from the judgment alone, be reviewed, and that all questions, therefore, relating to the evidence must be eliminated from this record. This contention of the respondent must be sustained. In Gade v. Collins, 8 S. D. 322, 66 N. W. 466, the precise question here presented was discussed and decided by this court. In the opinion in that case the court says: "A preliminary question is rais-.ed by the respondent, to be first determined, and that is, can the court, upon the record in this case, review the questions of fact presented? The respondent contends that such a review cannot be made in this case for four reasons: * * * (4) Because no appeal has been taken from the order of the circuit court denying appellant's motion for a new trial. * * * It may be regarded as settled by the decisions of this court that this court will not review the evidence in a case to determine its sufficiency to justify the verdict of the jury or findings of the court, unless the same has been brought to the attention of the court below on a motion for a new trial, passed upon by that court and brought before this court for review in some manner prescribed by law. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Plow Co. v. Bellou, 4 S. D. 384, 57 N. W. 17; Evenson v. Webster, 3 S. D. 382, 53 N. W. 747. When the motion for a new trial is made and determined before a judgment is entered in the action, an appeal from the judgment brings up the order of the court denying or granting the motion for a new trial as an intermediate order that can be reviewed by this court, provided the decision of the court denying or granting the motion is assigned as error. Hawkins v. Hubbard, supra; Granger v. Roll, 6 S. D. 611, 62 N. W. 970. On such an appeal from the judgment, the sufficiency of the evidence to justify the findings or verdict may be reviewed by this court; but, when the order denying or granting a new trial is made after judgment in the action, an appeal from the judgment alone does not bring up such order made after judgment. Hawkins v. Hubbard, supra; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565. And·if the appellant desires a review of the evidence in such case, he must appeal from the order denying or granting a new trial to entitle him to

such review. A party may, however, include such an appeal in the notice of appeal from the judgment. Hawkins v. Hubbard, supra. Unless the order denying or granting a new trial made after judgment is appealed from, either in connection with the appeal from the judgment or independently, the decision of the court below upon the question of the sufficiency of the evidence to justify the findings or verdict will be *res adjudicata*. Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201. In this case it appears from the record that more than a year elapsed after the judgment was entered before the order denying appellant's motion for a new trial was made. No appeal being taken from that order, the same is final and conclusive as to the sufficiency of the evidence to justify the court's findings of fact, and this court cannot disturb them." The law as established by this decision has been followed and approved by this court in Hagaman v. Gillis, 9 S. D. 69, 68 N. W. 192; Aultman & M. Co. v. Becker, 10 S. D. 59, 71 N. W. 753; Parrish v. Mahany, 10 S. D. 278, 73 N. W. 97; Bourne v. Johnson, 10 S. D. 36, 71 N. W. 140; Myers v. Longstaff, 12 S. D. 642, 82 N. W. 183; Blackman v. Hot Springs, 14 S. D. 500, 85 N. W. 996; State ex rel Brown v. City of Pierre, 15 S. D. 571, 90 N. W. 1047. Following the rule laid down in these cases ,this court must disregard the evidence in the case upon this appeal from the judgment alone, and decide the case upon the judgment record alone.

The principal ground relied on by the appellant for a reversal of the judgment in this case is that he, as mortgagor in the chattel mortgage, was not furnished by the mortgagee with "a full, true, perfect, and complete copy" of the chattel mortgage to be foreclosed in this action, and that therefore the chattel mortgage was void under the provisions of chapter 95, p. 250, of the Laws of 1897. The second section of that chapter provides "that every chattel mortgage shall be void, unless it appears upon the mortgage instrument over the signature of the mortgagor that a true copy of the same has been delivered to and received by the mortgagor as in section 1 of this act provided." The court in its fourth finding of fact, found that the said chattel mortgage contained the following statement: "I hereby acknowledge that at the time of the making and delivery of this

mortgage a full, true, perfect, and complete copy of the same was delivered to and received by me"—and that said statement was over the signature of the defendant. This finding of the trial court must be held as conclusive upon this court upon this appeal, as establishing *prima facie* the fact that a full, true, perfect, and complete copy of the said mortgage was delivered to and received by the defendant, in the absence of the evidence adduced at the trial. Whether or not it was competent for the defendant to show that no copy of the chattel mortgage was in fact delivered to him, it is not necessary now to decide, as, in the absence of evidence or an appeal from an order denying a new trial, that question is not now before us.

Finding no error in the record, the judgment of the court below is affirmed.