## LATIMER vs. MORRAIN, imp.

PRACTICE. *(1) What reviewable on appeal from judgment. (2) Vacating judgment after term. (3) How objection to be taken to taxation of costs.*

| 43 | 107 |
|-----|-----|
| 105 | 96 |

1. Appeal from a judgment of foreclosure does not bring up for review an order refusing to modify the judgment by striking out amounts allowed for costs and solicitor's fees.
2. The trial court cannot vacate its judgment after the expiration of the term, for error of law or fact committed in rendering it.
3. A party served with notice of taxation of costs against him, should appear before the taxing officer and object to items claimed by the opposing party which he regards as erroneous, but which do not exceed the jurisdiction of the officer to allow, if he wishes afterwards to urge such objection before the court.

APPEAL from the Circuit Court for *Eau Claire* County. The case is stated in the opinion.

The appeal was submitted for the appellant on the brief of *J. F. Ellis.*

For the respondent, a brief was filed by *Bailey & McCaslin,* and there was oral argument by *Mr. Bailey.*

COLE, J. This is an appeal from a judgment of foreclosure rendered on the 16th of May, 1876. There is no bill of exceptions in the case, and we can therefore only review errors which appear upon the record. We fail to discover any error in the judgment roll which should work a reversal of the judgment. It appears that the defendants were personally served with copies of the summons and complaint, but made no appearance in the action. The judgment rendered is certainly warranted by the complaint, and it will be found to be a few cents less than the amount actually due on the mortgage, when the interest is computed according to the correct rule. We learn from the briefs of counsel and the printed case, rather than from the record proper on the appeal, that the

premises were sold upon the judgment on the 3d of July, 1876, and the sale confirmed on the 3d of August thereafter; that at the September term of court, a motion was made to modify and correct the judgment, by striking therefrom the amount allowed for solicitor's fees, and certain items of costs taxed; and that this motion was denied. The appeal, however, is not from that order; and if it were, the law is well settled in this state, that the circuit court could not vacate the judgment after the term, for error of law or fact committed in rendering it. It would seem to be unnecessary to refer to the decisions upon this point. On the record we must presume that the court properly allowed the amount of solicitor's fees stipulated in the mortgage to be paid in case of foreclosure.

In respect to the taxation of costs, there is nothing in the record to show that either of the defendants appeared before the taxing officer and objected to the taxation of the items which are claimed to be erroneous, as they should have done. *Cord v. Southwell*, 15 Wis., 211; *Perkins v. Davis*, 16 id., 470.

It is obvious that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.