Morris vs. Niles.

---

Morris, Respondent, vs. Niles, Appellant.

*November 8 — November 23, 1886.*

*Appeal to S. C.: Order denying new trial made after judgment.*

An order denying a motion for a new trial made after judgment is entered, will not be reviewed on an appeal from the judgment alone.

APPEAL from the Circuit Court for *Vernon* County. The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *H. P. Proctor,* and for the respondent on that of *O. B. Wyman* and *Butt & Graves.*

Lyon, J. This action was brought to recover for three months' labor as a farm hand, performed by the plaintiff for

| | |
|---|---|
| 67 | 341 |
| 68 | 671 |
| 67 | 341 |
| 85 | 673 |
| 67 | 341 |
| 103 | 365 |
| 67 | 341 |
| 105 | 96 |

the defendant, at the stipulated price of $18 per month. The defense is that the hiring was for seven months, and that the plaintiff quit work at the end of three months without cause and without defendant's consent. The main question litigated on the trial was whether the hiring was for a term of seven months. The plaintiff's testimony tended to show that the hiring was not for any specified time, while that of the defendant tended to show that it was for seven months. The plaintiff recovered the balance due for his services at the stipulated rate, and judgment was entered against the defendant therefor.

A motion for a new trial for newly-discovered evidence was submitted to the court, but the record fails to show that the court took any action upon it. It does show, however, by necessary inference, that the motion was made after the judgment had been entered; for it was entered October 26th, and the jurats to the affidavits on which the motion was based bear date, respectively, the 27th and 28th of that month.

This appeal is from the judgment alone. The only error assigned for a reversal is the alleged failure of the court to grant a new trial. Had the court heard the motion for a new trial and entered a formal order denying it, this appeal from the judgment alone would not present such order for review, because it would necessarily have been made after judgment. *Latimer v. Morrain*, 43 Wis. 107; *Weis v. Schoerner*, 53 Wis. 72.

It is thought proper to say that we have looked into the affidavits which state the alleged newly-discovered testimony, and are satisfied that if the court refused a new trial there was no abuse of discretion.

*By the Court.*— The judgment of the circuit court is affirmed.