BARNARD & LEAS MANUF'G CO. v. GALLOWAY *et al.*

1. Where a motion for a new trial is made after the entry of judgment, and the insufficiency of the evidence to sustain the decision is not assigned as error, it will be presumed that both the findings and decision are justified by the evidence, when the appeal is from the judgment only, as errors occurring after judgment are not presented for review.

2. An unexecuted agreement to take a mortgage as security for the identical debt, on premises upon which a claimant is entitled to a lien for labor and material furnished, is not sufficient to defeat a mechanic's lien, when, in the same contract, the parties agree in express terms that the right should not thus be waived, and it further affirmatively appears that the owner, by alienating the property, has made a compliance on his part as to the execution of the mortgage impossible.

3. Where the parties had entered into a written contract for the erection and furnishing of a mill, parol evidence of a subsequent conversation between the parties, tending to show that in and by such conversation it was arranged and agreed that the party who built the mill would accept the obligation of a corporation to be subsequently organized, in the place of that of the original promisor, and substitute the one for the other, is inadmissible; such agreement being unexecuted and without consideration.

(Syllabus by the Court. Opinion filed April 3, 1894.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action to enforce a mechanic's lien on realty. Plaintiff had judgment, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge* and *Henry Robertson*, for appellants.

No evidence was introduced showing that any work was performed or any material furnished on any building situate on the premises described in either the contract, the lien or the complaint. No proof was ever introduced that the defendant, Galloway, at any time owned these premises. There was therefore no evidence to sustain the finding of the court. It is indispensable that the improvements, work and labor were placed upon the property described in the lien. Bailey v. Johnson, 1 Daly, N. Y. 61; Phillips on Mechanic's Lien, Sec. 403, p. 652; Sec. 437, p. 694; Sec. 186, p. 314; Comp. Laws, Sec. 5469; Breed v. Nagal, 46 Ga. 112.

The agreement of the plaintiff with the defendant, Galloway, to take notes secured by mortgage in settlement of the amount due for the mill, waived its right to file a mechanic's lien. Phillips on Mechanic's Liens, Sec. 117, p. 203; Barrows v. Baughman, 9 Mich. 213; The Highlander, 4 Blatchford, 55; McMurray & Brown, 91 U. S. 257. Nothing short of a demand on the part of the plaintiff and a refusal on the part of the defendant, Galloway, will satisfy the conditions of the contract so as to make the entire sum due, and if it was not due this cause must be reversed, for the reason that the entire proof shows that under the contract no part of the deferred payments had become due at the time of the commencement of this action. White v. Dumpkey, 45 Wis. 454; Sec. 281, Phillips on Mechanic's Liens; Scudden v. Balkam, 40 Me. 29; Day v. Anderson, 39 N. J. 199; Mehan v. Thompson, 71 Me. 492.

Under the contract it was a condition precedent to be performed on the part of the plaintiff before it could make any claim for anything more under the contract than the payments which had already been made, that the mill should show a capacity of 75 barrels in twenty-four hours when properly set

up, connected and operated, and that this showing should be made for six consecutive working days. The plaintiff having failed to perform this condition precedent is not entitled to any lien. Comp. Laws, Sec 3432; Phillips on Mechanic's Liens, Sec. 134. It does not rest upon the defendant to show that they operated it properly but it does rest upon the plaintiff to show that when operated it fulfills the contract. Burns v. City of Fairmount, 45 N. W. 175.

The defendant attempted to show under the pleadings an alteration of the original contract and the substitution of the defendant Mill Company in place of defendant Galloway, under agreement with the plaintiff giving the defendant Mill Company the right to litigate the question which was set up in its answer and counterclaim. The court refused to admit this testimony on the ground that it attempted to change or alter a written contract. This was error. Sec. 3,593 Comp. Laws; White v. DeSoto, 82 Cal. 654; Water Co. v. Redfield, 18 A. 978; McCreary v. Day, 23 N. E. 198; Lynch v. Henry, 75 Wis. 631; McClay v. Gluck, 42 N. W. 875; Erskine v. Johnson, 36 N. W. 510; Thorman v. Payla, 13 N. Y. S. 823.

*Bailey & Voorhees (T. Moultrie Mordecai, of Counsel)*, for respondent.

The order overruling the motion for a new trial having been made subsequent to the entry of judgment cannot be considered in an appeal from the judgment. The question of the insufficiency of the evidence to support the judgment cannot be raised for the first time in the supreme court but must have first been presented to the trial court. Comp. Laws, Sec. 5081, Sec. 5090, Sec. 5088, Sec. 5237; Thurber v. Railroad Co., 60 N. Y. 320; Schmidt v. Couperthwait, 66 How. P. 477; Dickson v. Railroad Co., 47 N. Y 507; Facks v. Buell, 47 Cala., 162; Fry v. Bennett, 16 How. Pr. 385; Pierce v. Manning, 51 N. W. 332.

It having been expressly admitted in the answers that the mill in controversy was constructed upon the premises de-

scribed in the complaint it was unnecessary for the respond-
ent to make proof of that fact and appellant cannot take any
advantage of any insufficiency of the evidence in regard to the
description of the lots upon which the same was built.    Walker
v. Brem, 8 Pac. 320; Paige v. Willett, 38 N. Y. 28; Trabur's
Heirs v. North, 2 A. K. Marsh, 361; Jones v. Morehead, 1
Wall. 155; Bird v. Lanius, 7 Ind. 615; Fiske v. Bailey, 51 N.Y.
150; Potter v. Smith, 70 N. Y. 299; Holmes v. Jones, 121 N. Y.
461; Fitzgerald v. Parker,  85 Mo. 13; 1 Thompson on Trials,
Secs. 197, 361; Dunham v. Cudlipp, 94 N. Y. 129; Abbott's
Trial Brief—On the Pleadings, Sec. 1035; Abbott's Trial Brief
—Civil Jury Trials, p. 69.    The plaintiff by entering into a
contract with the defendant, Galloway, to take notes secured
by a mortgage in settlement of the amount due for construct-
ing the mill did not thereby waive its right to file a mechanic's
lien.    Gilcrest v. Gottschalk, 39 Ia. 311.    Again it was ex-
pressly provided in the contract that the taking of the notes
should not waive the rights of the plaintiff to a mechanic's
lien for the labor and material.    And further, appellants
having in their answers expressly admitted that the provision
of the contract for taking the notes secured by a mortgage was
afterwards waived by the parties to it are  estopped from rais-
ing this question.

After the defendant Mill Company had been in possession
of the mill and operated it for over two months, the defendant
Galloway made a settlement with the plaintiff in which it was
agreed that there was due upon the contract for the mill a cer-
tain sum.    By this acceptance and use and settlement with the
plaintiff of the full amount due upon the contract with knowl-
edge of the condition of the mill the defendants are estopped
to claim that the mill does not fulfill the requirements of the
contract.    Milner v. Tucker, 1 C. & P. 15; Percival v. Blake, 2
C. & P. 513; Cash v. Giles, 3 C. & P. 407; Grimaldi v. White,
4 Esp. 95; Prosser v. Hooper, 1 F. E. Moore, 106; Goming v.
Mendham, 1 Starkie 257; Hopkins v. Appleby, 1 Starkie, 477;

Kellogg v. Denslow, 14 Conn. 411; Comp. Laws, Sec. 3643, Sec. 3644, Sec. 3645, Sec. 3524.

FULLER, J.   The complaint, in stating a cause of action in the usual form for the foreclosure of a mechanic's lien for $3,616.97, as the balance due on a contract made and entered into on the 18th day of April, 1889, by and between the plaintiff and the defendant George A. Galloway for material furnished and labor performed, of the aggregate value of $6,412.70, to be used in and about the erection and construction of a certain roller mill situated on lots 5, 6, 7 and 8, in block 3, in the city of Dell Rapids, Minnehaha county, S. D., of which the said George Galloway was the owner on the 17th day of April, 1889, and on the 12th day of September of that year, further alleges in substance, and among other things, that said defendant, on said last mentioned date, transferred said property, subject to the liens thereon, to the defendant, the Dell Rapids Roller Mill Company, and that all of said land and premises is used and required for the convenient use and occupation of the building known as the "Roller Mill."   Plaintiff alleges a full compliance with the terms of the contract, and that in pursuance thereof it performed and furnished, at the request of the defendant George A. Galloway, on the 3d day of June, 1889, certain extra and additional labor and materials in and about the erection and construction of said mill, which were of the value of $835.88; and that the whole amount of labor performed and material furnished amounted to the sum of $7,248.58; and that over and above all credits there was due the plaintiff, at the time of filing its lien, on the 18th day of December, 1889, $3,616.97; and that subsequent to such filing a payment of $1,000 has been made upon said account; that the defendants the Dell Rapids Roller Mill Company, Mrs. George A. Galloway, M. R. Kenefick, and the Lisbon Savings Bank & Trust Company have, or claim to have, some interest in, or lien upon

the premises, which is subsequent and inferior to plaintiff's lien.    The demand for judgment is in the usual form.

The defendant, George A. Galloway, in his separate answer, after admitting certain allegations of the complaint, including the execution of the contract and the transfer of the mill to the Dell Rapids Roller Mill Company, alleges, in substance, that said stipulated sum of $6,412.70 was to be paid in the following manner, namely, $1,300 cash on closing contract, $1,300 cash to millwright as the work progressed, and that when the mill had fulfilled the contract for six consecutive days it was agreed that defendant should execute and deliver to plaintiff a note for $840.68 due in 6 months, $840.68 due in 12 months, $840.68 in 15 months, and $840.68 in 18 months, with 7 per cent interest, and all bearing even date with shipment of machinery, and to be secured by a first mortgage; that plaintiff guarantied the quality of the machinery furnished, and that the same, when properly set up, connected and operated, would be capable of producing as good results as any other equivalent line of machinery on the same kind or quality of wheat, and a capacity of 75 barrels in 24 hours; that said machinery was not of the quality guarantied, and was not perfectly set up, connected and put in running order, and had not a capacity of 75 barrels in 24 hours, but, on the contrary said machinery was defective and improperly set up and connected, and said mill produced flour of an inferior quality from the best of wheat, and had a capacity of not over 55 barrels in 24 hours. Paragraph 3 of said answer is as follows: "(3) That in or about the month of September, 1889, it was agreed by and between plaintiff, the Dell Rapids Roller Mill Company, and this defendant that the said the Dell Rapids Roller Mill Company be substituted for this defendant in said contract, and have and assume all his rights and liabilities thereunder; that this defendant be freed from said rights and liabilities, and that plaintiff accept the Dell Rapids Roller Mill Company in the place and stead of this defendant as a party to said contract."    The

separate answer of the Dell Rapids Roller Mill Company, in other respects similar to the above, contains a counterclaim for damages; but, as we view the case, it is not essential to a determination of this appeal, and therefore will not be produced. Upon the issues tendered by the pleadings, the cause was tried to the court without a jury.   As matter of fact the court found in effect, that all the allegations of the complaint were true; that the defendants George A. Galloway and the Dell Rapids Roller Mill Company accepted said roller mill on the 18th day of December, 1889, and have ever since remained in possession of and have operated the same; that no agreement was made by plaintiff substituting the defendant the Dell Rapids Roller Mill Company in place of the defendant George A. Galloway; that the plaintiff has not accepted collateral security for the amount due upon the contract with defendant; that on or about the 18th day of January, 1890, with the knowledge and consent of the defendant the Dell Rapids Roller Mill Company, plaintiff and defendant George A. Galloway made a settlement and fully adjusted the amount due the plaintiff upon said contract; and that there is now due the plaintiff, on account of said contract, $3,038.31.   Among the conclusions of law based upon the findings of fact, the court found the following:   ''That plaintiff is entitled to a deficiency judgment against the defendant George A. Galloway in case said roller mill, and the premises upon which the same is situated, shall be sold for less than the amount found due upon plaintiff's lien thereon.''   Judgment in the usual form was entered accordingly, and from such judgment defendants appeal.

In their notice of intention to move for a new trial, made after the entry of judgment, counsel for defendants, as a statutory ground of the motion, designated ''errors in law occurring at the trial, and excepted to by the defendants, which are fully stated in said bill of exceptions, and errors of the court in making the findings of fact in said action, and excepted to by the said defendants separately, as follows: That the court

erred in making the third finding of fact." In like manner the making of each and every essential finding of fact is assigned as error, and designated in the motion for a new trial. Counsel for respondent contend that there is no designation of a statutory ground in the notice of intention to move for a new trial that raises a question as to the sufficiency of the evidence to sustain the decision; and, although the ground designated is not stated in the language of the statute, we are inclined to regard the notice of intention sufficient. We are of the opinion, however, that the only matters before us are the errors of law occurring at the trial, and excepted to by the defendant. The motion for a new trial was not made until after the entry of judgment, and the appeal is from the judgment only. The trial court, upon the hearing of the motion for a new trial, judicially found the evidence sufficent to sustain the findings of fact, conclusions of law, and the decision based thereon, and, as no appeal was taken from the order denying such motion, this court is not called upon to review the action of the court in making such order. Had the motion for a new trial been made and determined before judgment, an appeal from the judgment, only, would have brought before this court for review the action of the trial court in denying such motion, and, upon a proper record, the sufficiency of the evidence to sustain the decision would have been considered and determined upon this appeal. Errors occurring after judgment are not before us, and the insufficiency of the evidence to sustain the decision is not assigned as error. We must therefore presume that the findings and decision are justified by the evidence, and confine our inquiry principally to assignments of error which relate to errors of law occurring at the trial, and excepted to by the defendant. Pierce v. Manning (S. D.) 51 N. W. 332; Hawkins v. Hubbard, Id. 774; Morris v. Niles, 67 Wis. 341, 30 N. W. 353; Latimer v. Morrain, 43 Wis. 107.

In Hawkins v. Hubbard, this court, speaking through Presiding Justice Kellam, says: "When the motion for a new trial

is made before judgment, error in denying the motion becomes error in the judgment, and upon that theory, and for that reason is reviewable on appeal from the judgment alone, the appeal from the judgment being intended to supercede the appeal from the order; but where the motion is made after judgment, as in the case at bar, this cannot be, for an appeal from the judgment cannot bring up for review errors occurring after the judgment was rendered.''

The learned counsel for appellants insist that by the terms of the contract respondent waived, as a matter of law, its right to a lien, by stipulating to defer certain payments and to take notes therefor, secured by a first mortgage upon the premises upon which the mill was situated. The notes and mortgage were never executed, and the defendant Galloway, in Paragraph 2 of his separate answer, after alleging the terms of the contract, states as follows: ''That it was afterwards, to-wit. on or about August 1, 1889, agreed in writing by and between the plaintiff herein and this defendant, that the terms of said contract as to the payment of said sums mentioned in said contract by this defendant should be allowed; this defendant agreeing to pay $2,500 in cash when said mill was accepted, and to give plaintiff his note for the balance due for one year, without mortgage, with interest at 7 per cent per annum.'' The pleadings also disclose that the defendant Galloway transferred the property before its completion, and that his grantor, the Dell Rapids Roller Mill Company, prior to the filing of the lein of plaintiff mortgaged such property to the defendant Kenefick to secure the payment of $5,000. The written contract in which it was stipulated that a mortgage should be executed to secure deferred payment, provides as follows: ''The parties of the second part agrees to pay all expenses incurred in getting description of the property, making and filing mortgages and liens. * * * And said party also agrees that the taking by said-first party of said notes shall not waive its rights to a mechanic's lien for said labor and material.'' It is therefore not essential to a de-

termination of this question to consider whether the taking of a mortgage as security for the identical debt, on premises upon which a claimant is entitled to a lien for labor and material fur nished, is sufficient to divest a mechanic's lien, as the parties agreed, in express terms, that the right should not thus be waived; and it further affirmatively appears that the defendant by alienating the property had made a compliance on his part as to the execution of the mortgage impossible. We see nothing in the record to indicate an intention on the part of the plaintiff to waive its right to a lien, and nothing which constitutes such waiver, and therefore hold the lien valid and in full force.

The court found, in effect, that the defendants George A. Galloway and the Dell Rapids Roller Mill Company, upon the 18th day of December, 1889, accepted the mill, and have since remained in possession of and have operated the same; that on the 18th day of January, 1890, plaintiff and defendant Galloway with the knowledge and consent of the defendant mill company made a settlement and adjustment of the amount due plaintiff upon said contract; and that in the erection and construction of said mill the plaintiff fully performed all its obligations under said contract with the defendant Galloway, and that the just and full amount due thereon from the defendant George A. Galloway is the sum of $3,038.31. The contract provides that the whole amount upon which time was to be given should fall due immediately in case the defendant should fail to make settlement and give the notes and mortgage, as provided, on demand, after the plaintiff had fulfilled its part of the contract. While the record does not raise a question as to the sufficiency of the evidence, we are convinced, from an examination of the record, that there was evidence to support the finding that plaintiff had substantially complied with the terms of its contract, and that a settlement and adjustment of the account had been made in accordance with such finding, after the completion of said mill and its acceptance by the defendant, before the

commencement of this action to enforce the lien. Upon the trial the witness Bennett, who was the secretary and treasurer of the plaintiff, and invested with full power to make contracts for the company, and who did, in fact, make the contract with defendant Galloway, was interrogated concerning a conversation had with the defendant George A. Galloway on the evening of the 18th day of April, 1889, after the execution of the written contract between said parties for the erection of the mill in controversy; and objection was made by counsel for plaintiff to the introduction of evidence relating to such conversation, and such objection was sustained by the court, and the ruling of the court thereon is assigned as error. It was evidently the object of defendant's counsel to offer such evidence for the purpose of proving that there was an agreement made and entered into, by and between the witness on behalf of the plaintiff and the defendant George A. Galloway, by the terms of which said defendant George A. Galloway was to be released from all liability under said written contract, and that the defendant the Dell Rapids Roller Mill Company was to be substituted for said defendant, and assume such liability, and receive the benefits of such contract. By viewing such evidence in the light most favorable to the defendants, and by assuming that an agreement of that kind was consummated on the 18th day of April, 1889, and could have been established by the testimony of the witness, we are still of the opinion that such evidence was immaterial, and that the ruling of the court in relation thereto was not erroneous. Among the essential and vital requisites of a contract, of that character at least, three parties must concur in its execution; and it is conceded that the Dell Rapids Roller Mill Company was not then in existence, and was not organized until several months thereafter. In no event could the evidence offered tend to establish an executed contract, or a novation by reason of the actual substitution of the Dell Rapids Roller Mill Company after it was created a body corporate with power to make contracts and assume liabilities, and parol

evidence of an executory agreement was inadmissible, under
the statute, to vary the terms of the written contract. Comp.
Laws, § 3593. For reasons above mentioned, we likewise con-
clude that it was not error to sustain objections to questions of
like import, propounded by counsel for defendants to the wit-
ness Galloway.

The judgment included certain extras furnished after the
transfer of the property, amounting to $59.16, and it is urged
by counsel for defendants that the lien and claim therefor
should have been against the defendant the Dell Rapids Roller
Mill Company, and not against the defendant George A. Gallo-
way personally; but, as the evidence is not before us, and the
judgment accords with the findings of fact, the judgment for
that reason will not be disturbed. Finding no reversible error
in the record as presented, the judgment of the trial court is
affirmed.