SHORES LUMBER COMPANY Respondent, vs. STARKE and another, Executors, Appellants.

*September 3 — September 20, 1898.*

(1) *Review on appeal.* (2, 3) *Contracts: Pleading: Alternative claims. as to damages: Election: Failure to furnish vessel: Measure of damages.*

1. In the absence of a motion for a new trial the supreme court cannot review the evidence to determine whether it supports the verdict.

2. In an action for breach of a contract by which plaintiff had chartered for an entire season a steam barge on the Great Lakes, the complaint is *held* to state but one cause of action although it claims damages both on the theory of an advance in the freight rates which plaintiff was compelled to pay and on the theory of a fall in the price of the commodity which should have been, but was not, transported to market during that season; and it was not error to refuse to require plaintiff to elect between such claims, where a recovery was finally allowed upon the latter theory only, in accordance with the facts found in a special verdict.

3. It appearing in such action that the plaintiff used reasonable diligence to secure other means of transportation, and was unable to do so; that the lumber designed for transportation had no market price at the point of shipment, and could not be sold there; and that the plaintiff transported the same to market at as early a date as possible the next season, and was compelled to sell it at a less price than the market price when the same should have been delivered under the contract, he was properly allowed to recover as damages the difference between the market price at the place of sale when the lumber ought to have been carried under the contract, and the market price when it could be carried and sold the following season; also the cost of insurance, and the value of the use of the proceeds of the lumber that could have been carried, from the close of navigation until it could be carried and marketed the following season.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

On January 4, 1892, plaintiff made a contract with defendants' decedent, Conrad Starke, by which the plaintiff char-

tered Starke's steam barge for the entire season of 1892 to carry lumber from Ashland to Chicago and other lake ports at the "going rate" for freights; said barge to be ready to sail at the opening of navigation. Through some delay by the builders, the barge did not go into commission until about August 27, 1892, at which time it was placed at plaintiff's service, and continued carrying lumber until the season closed. The plaintiff brought this action, setting up the contract, and alleging that Starke failed to carry about 7,000,000 feet of lumber, which he could have carried had the barge been in readiness at the opening of the season, and that the rates advanced later in the fall, and that by reason of such failure it was compelled to pay excessive freight rates to the amount of $7,000. As another ground of damages the plaintiff alleged that, by reason of the promises of Starke that the boat would be forthcoming, it kept a large quantity of lumber on its docks ready for shipment, which it was compelled to carry over the winter and was unable to sell, and was then deprived of the use of the money, and was compelled to pay taxes, interest, and insurance, and that when the same was marketed in the spring the price of lumber had fallen, and it lost about $1 per 1,000 feet on the average.

The defendants admitted the contract, and set up by way of counterclaim a claim for damages for unnecessarily delaying the barge, to the amount of $2,000. Starke died, and the action was revived against his executors.

On the trial a special verdict was rendered, in which the jury found, among other things, that plaintiff's loss by reason of the rise in price of freights during the residue of the season of navigation was $2,400; that plaintiff's damages for the fall of prices in lumber which should have been carried was $5,280, and for insurance $560; that its loss of the use of proceeds of the same was $1,690; that plaintiff was diligent in attempting to secure vessels to transport the lumber.

Upon the counterclaim the jury allowed $600 for delaying the barge. Both parties moved for judgment on the verdict, and the court permitted plaintiff to take judgment for fall in price of lumber, $5,280, cost of insurance, $560, and use of proceeds of lumber, $1,690, less the amount of defendants' damages as above stated. No motion for a new trial was made. The defendants appeal from the judgment as above stated.

*M. C. Krause*, for the appellants, contended, *inter alia*, that plaintiff is not entitled to any such special damages as are claimed and proven in this case. At the time of the making of this contract no such special damages were in the contemplation of either party, or were likely to result as a breach thereof. Both the complaint and the evidence are silent as to any notice from the plaintiff to the defendant, at the time of the making of the contract, of the facts upon which such damages are based so as to charge the defendant with notice or knowledge thereof. *Hill v. Chipman*, 59 Wis. 211; *Cockburn v. Ashland L. Co.* 54 id. 619; *Poposkey v. Munkwitz*, 68 id. 322; *Harvey v. C. & P. R. R. Co.* 124 Mass. 421; *Buffalo Barb Wire Co. v. Phillips*, 64 Wis. 338; *Bradley v. C., M. & St. P. R. Co.* 94 id. 44; *Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 id. 214. If the breach of this contract had occurred at or near the close of navigation instead of the opening of navigation, a different result might be claimed, because then the defendant might reasonably expect that it would be a physical impossibility to obtain any other conveyance. Under the surrounding circumstances of this contract the only resulting damage to the plaintiff was the difference in the cost of transportation. *Oakes v. Richardson*, 2 Lowell, 173, and cases cited; *The Oregon*, 55 Fed. Rep. 676; *Higginson v. Weld*, 14 Gray, 165; *Ogden v. Marshall*, 8 N. Y. 340. If the plaintiff can recover for loss of profits on the lumber which should have been carried, the measure of damages is the difference between the market

price at the port of delivery and the value at the port of shipment, with cost of transportation added, *at the time of the breach.* *Ward's C. & P. L. Co. v. Elkins,* 34 Mich. 439; *Bracket v. McNair,* 14 Johns. 170; *O'Conner v. Forster,* 10 Watts, 418; *McGovern v. Lewis,* 56 Pa. St. 231; *Fox v. Hayward,* 4 Brewster, 32; *Forsyth v. Palmer,* 14 Pa. St. 96; *Bridgman v. The Emily,* 18 Iowa, 509; *Galena & C. U. R. Co. v. Rae,* 18 Ill. 488; *Sangamon & M. R. Co. v. Henry,* 14 id. 156; *North Transp. Co. v. McClary,* 66 id. 237; 3 Suth. Dam. (2d ed.), § 899; Hale, Dam. §§ 102, 103; *Harvey v. C. & P. R. R. Co.* 124 Mass. 421; *Cowley v. Davidson,* 13 Minn. 92. Any doctrine, fixing a valuation upon the goods at the time of actual delivery at the port of destination, has been applied only where the goods have been actually taken into possession by the carrier, and through misfeasance or negligence the goods were delayed upon the voyage. *The Oregon,* 55 Fed. Rep. 676; *Ward v. N. Y. C. R. Co.* 47 N. Y. 29; *Peet v. C. & N. W. R. Co.* 20 Wis. 594. If there was no market price for the lumber at Ashland it was the duty of the plaintiff to show what it was actually worth on their dock at that place. *Masterton v. Brooklyn,* 7 Hill, 61; *Todd v. Gamble,* 148 N. Y. 382; *Hill v. Chipman,* 59 Wis. 214; 1 Suth. Dam. (2d ed.), § 445.

For the respondent there was a brief by *Hoyt & Olwell,* attorneys, and *C. E. Kremer,* of counsel, and oral argument by *F. M. Hoyt.*

BARDEEN, J. There having been no motion for a new trial, this court cannot properly review the evidence to determine whether it does or does not support the verdict. " The verdict must be taken as sustained by the evidence, and the only questions to be inquired into upon an appeal from the judgment are the errors, if any, arising upon the trial in the admission or rejection of evidence, in the instruction of the court to the jury, or otherwise in the conduct of the

trial." *Anstedt v. Bentley,* 61 Wis. 629; *Reed v. Madison,* 85 Wis. 667. For this reason, as to such alleged errors as require an examination of the evidence, beyond the rules above stated, the defendants must be deemed to be foreclosed.

It is claimed that the court ought to have compelled the plaintiff to elect upon which cause of action stated in the complaint it would stand. This objection presupposes that two causes of action are therein stated. This is not so. Only one cause of action is stated, and that is for damages for breach of the charter contract. The complaint does, however, state two theories as to the measure of damages, depending upon how the jury shall find the facts. My personal opinion is that these two theories are inconsistent, but the majority of the court think otherwise, and the case must be disposed of in deference to that ruling. The court allowed testimony to be offered, and required the jury to find, upon both theories, and, upon the application for judgment, denied relief as to the one. One theory was based upon rise in freight rates, and the other upon depreciation in price of lumber, etc. The jury found on both, but the court ruled that the plaintiff was only entitled to relief upon the latter. This ruling is held to be proper, in view of the facts found in the special verdict.

It is further urged that the court erred in denying defendants' motion for a nonsuit. A sufficient answer to this contention is that a breach of the charter contract was admitted, and on any theory of the case it should have been submitted to the jury. But it is said that the plaintiff has not submitted any proof as to the proper measure of damages, and therefore the court should have given judgment for defendants, deducting only nominal damages for plaintiff from the amount found due on the counterclaim. The damage allowed was the difference in the market price of the lumber at Chicago during the time lumber ought to have been carried under the contract, and the price when it could be

carried and sold the following season; also the cost of insur-
ance, and the value of the use of the proceeds of the lumber
that could have been carried, from the close of navigation in
1892 until it could be carried and marketed in 1893.    Under
the contract in suit, when it became evident that Starke was
not going to get his vessel around in season to carry the
lumber, it was plainly plaintiff's duty to use reasonable dili-
gence to secure other carriers, and thus prevent loss.    *Brad-
ley v. Denton*, 3 Wis. 557; *Poposkey v. Munkwitz*, 68 Wis.
322.    The jury found that plaintiff used reasonable efforts
in that respect, and the evidence shows that other vessels
could not be secured.

If the plaintiff had secured other barges, and had been
compelled to pay increased freight rates, then the true meas-
ure of damages would have been the difference between the
contract price and the price the company was obliged to
pay.    *The Oregon*, 6 U. S. App. 581, 55 Fed. Rep. 666.    It
must be accepted as a verity that plaintiff could not secure
other vessels to transport the lumber, and hence the rule of
damages above stated does not apply.    There were no other
means of shipment, except by rail, and whether it would
have been feasible to adopt this means of transportation
does not appear in the case.    In *Ward's C. & P. L. Co. v.
Elkins*, 34 Mich. 440, there was a failure by defendant to
carry some cargoes of salt.    Plaintiff was unable to secure
other lake transportation, because of the close of navigation.
He then shipped it by rail, in small lots, and sought to charge
the defendant with the difference in rates.    Recovery was
denied because the means adopted to carry the salt were
unreasonably expensive and excessive, and it was held that
the measure of damages was the difference between the
market value of the salt at Chicago and Bay City, less the
amount of freight fixed by the contract.

*Bracket v. McNair*, 14 Johns. 170; *O'Conner v. Forster*,
10 Watts, 418, and many if not all of the cases cited by de-

fendants to sustain the measure of damages above stated,
are cases where the shipper had not attempted to secure
other means of transportation, and where the commodity in
question had a market value, both at the point of shipment
and at the port of destination, at the time of the breach.
This might afford an easy and ready means of ascertaining
the exact injury sustained.   But here the circumstances are
quite different.  The testimony is undisputed that Starke was
urged to hurry with his boat, and, if his boat was not ready,
to send other vessels; that they were short in shipments,
and must have more boats.   It is also in proof that there
was a lively demand for this kind of lumber in Chicago, on
account of the World's Fair, and that a great amount of
building was being done.   It is also undisputed that the
lumber had no market price at Ashland, and could not be
sold, although efforts were made to sell it there during the
summer and winter.   The lumber was detained there over
the winter by Starke's default, and was marketed the follow-
ing spring at a reduced price.   Because the lumber had no
market value in Ashland, it is evident that the rule laid
down by the authorities noted can have no application.
This court is of the opinion that the rule adopted by the
trial court is the proper rule applicable to such a situation.
The lumber was taken to market with all convenient speed,
and sold.   Upon such sale the plaintiff realized a less price
than it would have realized had Starke carried the lumber
as agreed.   It was deprived of the use of the proceeds for
some time, and was put to expense for insurance in the mean-
time.   These are elements of damage flowing directly from
Starke's breach of duty, and may reasonably be said to have
been within the contemplation of the parties.   They are not
in the nature of special damages, to recover which notice to
the contracting party must be shown.

It affirmatively appearing that plaintiff used reasonable
diligence to secure other means of transportation, and was

unable to do so; that the lumber had no market price in Ashland, and could not be sold there; that the plaintiff transported the same to market at as early a date as possible, and was compelled to sell at a less price than the market price when the same should have been delivered,— we see no reason why it may not recover the damages resulting directly and proximately from the breach of the contract. Such were the damages allowed, and any other rule would have worked an injustice that cannot be tolerated.

The fourth instruction requested by defendants and refused by the court had no application to the case presented. The plaintiff did not claim that it had secured other vessels to carry the lumber Starke's boat was to carry, and therefore an instruction based upon any such supposition was beyond the issues and wholly inapplicable.

*By the Court.*— The judgment of the circuit court is affirmed.