GUETZKOW, Respondent, vs. SMITH and others, imp., Appellants.

*November 24 — December 15, 1899.*

*Appeal: Contracts: Bonds: Instructions to jury: Evidence.*

1. An appeal from a judgment does not bring up for review an order denying a motion to set aside the judgment and verdict and grant a new trial, entered after the entry and docketing of such judgment.

2. In the absence of a motion for a new trial, it will be assumed that the verdict is sustained by the evidence, and the fact that such a motion was made after judgment, and denied, is of no significance on an appeal from the judgment alone.

3. In an action to recover against the principals and sureties on bonds, breached by failure to perform the conditions of the contract which was thereby guaranteed, in that the heating plant contracted for was not of sufficient capacity to warm the rooms to the required temperature, an instruction to the effect that the owner, in accepting the plant before the test could be applied, owed defendants the best management and operation of the plant possible, was properly refused where the only issue was whether the plant was defective in its construction.

4. On an issue as to the defective construction of a heating plant, evidence as to the capacity of the janitor in charge, and of any mismanagement on the part of the owner, was properly excluded.

Guetzkow vs. Smith and others.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

For the appellants there were briefs by *Webster & Classon,* and oral argument by *D. G. Classon.*

*Ernest A. Kehr,* for the respondent.

CASSODAY, C. J.　It appears from the record, in effect, that July 14, 1894, the plaintiff entered into a written contract with the city of Oconto to furnish the materials, and build, finish, and complete a high-school building during the time, and in the manner, and according to the plans, specifications, and drawings therein mentioned and made a part thereof; that such contract included the heating and plumbing, and that the plaintiff therein guaranteed that the heating apparatus would be of sufficient capacity to warm any and all rooms therein to seventy degrees when the external temperature should be twenty degrees below zero, and that steam would circulate in all its parts with two pounds pressure; that under date of August 14, 1894, the plaintiff entered into a written contract with the defendants Smith & May, whereby they agreed to furnish materials, and do and perform the entire mechanical and other labor required for all plumbing and heating in such high-school building, by and at the times and in the manner mentioned in such plans and specifications, and in accordance with the plaintiff's contract with the city; that, to secure the performance of such contract by Smith & May, they gave to the plaintiff their bond, under seal, in the penal sum of $4,950, bearing date August 18, 1894, signed by themselves as principals, and the defendants *Luckenbach* and *Hemmingsen* as sureties, conditioned that Smith & May should well and faithfully perform all the conditions of their contract with the plaintiff by them to be performed; that under date of March 15, 1895, Smith & May as principals, and the defendant Richter as surety, gave to the plaintiff their bond, under seal, in the penal sum

. of $1,000, conditioned to keep and save the plaintiff from any and all costs, charges, liabilities, or demands, for the space of one year, by reason of his contract with the city.

This action was commenced February 1, 1897, against Smith & May and all three sureties mentioned, to recover $532.44, which the plaintiff had been compelled to expend and pay out for labor and materials to make such heating apparatus comply with his contract with the city, and which Smith & May had failed and refused to perform. Smith & May and *Luckenbach* and *Hemmingsen* jointly answered, and Richter allowed the case to go by default. At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $532.44, and interest; and from the judgment entered thereon all the defendants except Richter bring this appeal.

That judgment was entered and docketed December 15, 1898. Among the papers returned to this court is an order, made and dated January 7, 1899, denying the motion of the defendants to set aside such judgment and verdict and grant a new trial. The appeal from the judgment did not bring up for review that order. Stats. 1898, secs. 3069, 3070; *Latimer v. Morrain*, 43 Wis. 107; *Weis v. Schoerner*, 53 Wis. 72; *Morris v. Niles*, 67 Wis. 341; *Leary v. Leary*, 68 Wis. 670, 671.

It is said that a nonsuit should have been granted, and that the verdict is not supported by the evidence. But it does not appear from the bill of exceptions that prior to the entry of judgment there was any motion for a new trial made or submitted to or determined by the trial court. In the absence of such motion, submission, or determination, we must assume that the verdict is sustained by the evidence. The fact that such motion was made after judgment, and denied, is of no significance on this appeal from the judgment alone. *Reed v. Madison*, 85 Wis. 673; *Shores L. Co. v. Starke*, 100 Wis. 498.

It is said that at the time of the entry of the judgment there was pending a motion to set aside the verdict, and for a new trial. But nothing of the kind appears in the bill of exceptions, and hence we are not at liberty to assume that such a motion was pending at the time the judgment was entered. The effect of entering a judgment pending a motion to set aside a verdict and grant a new trial, in the absence of a stay of proceedings, has recently been considered by this court; but there is nothing in the record proper calling for a consideration of that question here. *Davison v. Brown*, 93 Wis. 85; *Wheeler v. Russell*, 93 Wis. 135; *Milwaukee M. & B. Asso. v. Niezerowski*, 95 Wis. 129. We must assume that the evidence is sufficient to support the verdict.

The arguments to the effect that the sureties *Luckenbach* and *Hemmingsen* were discharged by the mere delay of the plaintiff to perform his contract, without objection from the city, or by the mere delay of *Smith* and *May* to completely perform their contract, before the city took possession, without objection from the plaintiff, or by the plaintiff taking the new bond with Richter as surety, are not properly presented by the record for consideration; and, even if they were, yet they are manifestly without substantial merit.

Exception was taken because the court refused to charge the jury to the effect that, by the city accepting the plant at the time it did before the test could be made to determine whether the apparatus would heat the building as required by the contract, the city owed to the defendants the best management and operation of the plant possible. In response to such request the trial judge said to counsel and the jury that he did not see " that that proposition has anything to do with the case as finally presented. Of course, the question is, here, whether this plant, in a proper condition, properly managed, and not in any way out of repair or depreciated or damaged, but in a proper condition, would do what it was required to do. Now, the complaint made of it

Guetzkow vs. Smith and others.

by the plaintiff, or the defect which they claim to have found in it and remedied, is not a defect which could in any way have been caused by or affected by any management or mismanagement on the part of the janitor, or anybody running it; and the whole case turns right upon that one thing, Was it defective because it wouldn't work, by reason of the length of the pipes, and size and length of the pipes, and the absence of the necessary return pipe to carry back the water in a plant of that size? That is the only issue in this case,— whether the plant was defective in that condition; and, if it was, that condition was in no way caused by or affected by any management or mismanagement on the part of the city. That is the view I take of the case presented by the testimony." We perceive no error in such charge. For the reason thus stated by the trial judge, the court properly excluded evidence as to the capacity of the janitor, and to other matters not in controversy, and to which exceptions were taken.

The appellants' brief fails to comply with Rule IX. It fails to assign errors. It asks a reversal, as to *Luckenbach* and *Hemmingsen*, on ground not presented by the record. We have not only considered that question, but all questions legitimately presented by the record.

We find no material error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.