ZAHN, Respondent, vs. MILWAUKEE & SUPERIOR RAILWAY
COMPANY, Appellant.

*March 11—April 1, 1902.*

*Railroads: Appeal and error: Motion for new trial, when not neces-
sary: Practice: Master and servant: Negligence: Personal in-
juries: Presumptions.*

1. Where there has been a motion for a direction of a verdict with
   due exception properly preserved in the record, the supreme
   court will review the evidence in order to determine whether
   the motion should have been granted.
2. In such case a motion for a new trial is not necessary.
3. Plaintiff, a railway brakeman, was injured while coupling cars.
   The train crew consisted of plaintiff, two other brakemen, and
   the fireman, the engineer being absent. One of the other brake-
   men signaled to the fireman to back to make a coupling, and
   two cars were coupled, one by such brakeman, and the other
   by plaintiff, who then went to a third car to adjust the coupling,
   and, the engine continuing to back, plaintiff's hand was caught
   and crushed. It appeared that it was a custom on defendant's
   road, under such circumstances, for the engine to continue
   backing until a signal was given to stop. Plaintiff had been
   in defendant's employ for seven or eight years, and was familiar
   with its manner of operating trains. The fireman testified that
   he did not know that plaintiff was making a coupling. No
   signal to stop was given to the fireman by any one. *Held*, that
   plaintiff must be presumed to have known of the custom men-
   tioned, and, knowing it, to have assumed the usual and ordi-
   nary risk incident thereto.
4. In such case it cannot be said that the fireman was negligent.

APPEAL from a judgment of the circuit court for Waukesha
county: JAMES J. DICK, Circuit Judge. *Reversed.*

Action under sec. 1816, Stats. 1898, to recover damages for
personal injuries claimed to have been sustained by plaintiff
while in the discharge of his duties as brakeman for defend-
ant. The accident occurred a little after noon on November
3, 1899. The plaintiff was engaged in coupling cars on a
side track in the yard at North Lake station. The negligence
alleged is that the fireman, who was in charge of the engine

while the engineer was at dinner, backed the engine, with several cars attached, without any signal from plaintiff, and without any notice or signal to plaintiff, suddenly against a car that plaintiff was preparing with coupling links, and caught and crushed his hand. A motion for a nonsuit at the close of plaintiff's testimony was denied, as was also a motion to direct a verdict for defendant at the close of the testimony. Both rulings were duly excepted to.

A special verdict was submitted, in which the jury found substantially as follows: (1) That plaintiff was injured while in defendant's employment; (2) that he was injured by having his right hand caught between the bumpers of the cars; (3) that the fireman was in charge of the engine; (4) that the engine and cars attached to it were pushed back against the car the plaintiff was preparing for coupling without any signal from plaintiff; (5) that the engine and cars were so pushed back without any notice to plaintiff; (6) that they were pushed back without any knowledge on the part of plaintiff; (7) that plaintiff was engaged in the capacity of brakeman; (8) that plaintiff was not then employed in the capacity of conductor; (9) that the plaintiff had no knowledge of the absence of the engineer; (10) that plaintiff did not notify the fireman he was going between the cars; (11) that plaintiff did not see the approaching car in time to have removed his hand from between the two drawbars; (11½) that plaintiff did not hear the approaching engine and cars in time to have removed his hand; (12) that plaintiff was not injured in consequence of a movement of the cars in the usual and ordinary manner; (13) that the condition of the coupling apparatus was not the sole and proximate cause of plaintiff's injury; (14) that plaintiff was injured by the negligence of the fireman in charge of the engine; (14½) that a person of ordinary care, under the circumstances, should not have known that the engineer was absent from the engine; (15) that plaintiff was not guilty of any want of ordinary

care which contributed directly to produce the injury; (16) that the defendant's employee was guilty of negligence which was the natural probable cause of the accident, and which accident ought to have been foreseen by a person of ordinary care and prudence; (17) damages, $2,500.

Defendant submitted a motion "for an order setting aside the answers to questions numbered, respectively, 12, 14, 14½, 15, and 16, in the special verdict rendered by the jury herein, for the reason that the same are unsupported by the evidence, and are against the uncontradicted evidence, and changing and perfecting the said special verdict in accordance with the uncontradicted evidence by answering question number twelve 'Yes,' question number fourteen 'No,' question number fourteen and one-half 'Yes,' question number fifteen 'Yes,' and question number sixteen 'No,' and granting judgment in favor of the defendant and against the plaintiff on the said special verdict as so changed and perfected, and upon the uncontradicted evidence." This motion was denied, and plaintiff's motion for judgment was granted. Defendant's appeal is from the judgment.

For the appellant there was a brief by *Spooner & Rosecrantz,* and oral argument by *C. P. Spooner.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan.*

BARDEEN, J. The plaintiff argues that, inasmuch as there was no motion for a new trial, the only question to be considered is whether there is any evidence to support the findings challenged. So far as relates to a decision of the question raised by the denial of the motion for a nonsuit, many of the cases say that, in absence of a motion for a new trial, the court will not review the evidence. The rule in this regard is sufficiently stated in *Guetzkow v. Smith,* 105 Wis. 94, 80 N. W. 1109. It rests upon the fact that evidence may have been admitted before the close of the trial sufficient to

warrant a submission of the case to the jury. But when there has been a motion for a direction of a verdict, with due exception preserved in the record, the rule is different. In such a situation this court will review the testimony in order to determine whether the motion should have been granted. *Second Nat. Bank v. Larson,* 80 Wis. 469, 50 N. W. 499; *Plankinton v. Gorman,* 93 Wis. 560, 67 N. W. 1128; *McGinn v. French,* 107 Wis. 54, 82 N. W. 724.

The points made by defendant are that the undisputed evidence shows that the engine was being operated in the usual and ordinary manner, and that the plaintiff was guilty of contributory negligence as a matter of law. The negligence upon which plaintiff's claim of recovery is based is that the engine and cars attached were pushed back against the car which plaintiff was preparing for coupling without a signal from or warning to the plaintiff. The evidence shows that at the time of the injury the engine was in charge of plaintiff's brother, who was the fireman. The engineer had gone to his dinner, and the fireman was operating the engine. The train crew then consisted of the fireman, the plaintiff, and two other brakemen. There were several cars on the side track near the east end, which were not coupled together. The evidence is somewhat vague as to their exact location. The engine was backed in on the switch at the east end. The brakeman, Sykes, gave a signal to back up to make a coupling, and two cars were coupled, Sykes making one and the plaintiff the other. There was yet one car to be attached, about two car lengths distant. Plaintiff ran to the stationary car to adjust a link for the coupling. While so engaged, the engine, with the cars attached, continued backing west, and plaintiff's fingers were caught between the bumpers and crushed. The undisputed evidence shows that it was the custom on defendant's road that when a signal is given to the person operating the engine to move backward to make a coupling to continue

backing until a signal to stop is given.  The brakeman, Sykes,
gave a signal to move backward, and two couplings were
made.  The engine continued moving slowly backward with-
out any signal to stop until after plaintiff was injured.  This
was in conformity to the usual custom of the road.  The
plaintiff had been in the employ of defendant seven or eight
years, and had had charge of a train for a year or two before
the accident.  He was familiar with the manner of operating
its trains, and must be presumed to have known of the custom
mentioned.  Moreover, it is to be noted that after the engine
had been cut off from the cars on the main line the plaintiff
had not been in touch with the acting engineer in any way
whatever.  The signal for the movement of the engine had
been given by the brakeman, Sykes, and the couplings made
were in obedience to his directions.  The fireman testified
that he did not know his brother was making a coupling.  In
view of this fact, it is difficult to see any basis for the plaint-
iff's recovery.  The engine was being handled and moved
strictly in accordance with the established custom of the road.
The plaintiff certainly knew of such custom, and, knowing it,
assumed the usual and ordinary risk incident thereto.  It is
also difficult to see any ground for saying that the acting engi-
neer was negligent.  If he did not know the plaintiff was
making a coupling, he was not bound to give him a warning
or to make a signal as the cars were moving.  No ground is
apparent for saying that he ought to have known the plaintiff
was between the cars.  There is no room for conflicting in-
ferences from the facts disclosed.  They all point one way.
The jury, by its twelfth finding, say that plaintiff was not in-
jured in consequence of a movement of the cars in the usual
and ordinary way.  The only testimony on the subject given
by plaintiff's brother and the superintendent of the road was
directly contrary to this finding.  By the fourteenth finding
they say plaintiff was injured by the negligence of the fire-

man in charge of the engine. Assuming the engine was being run in the usual and ordinary manner, we look in vain for anything in the record to support this conclusion. Without some showing upon which the finding of negligence can rest, there is no foundation for the verdict, and the other findings become immaterial. We may say, in passing, that the finding against plaintiff's contributory negligence has very little in the record to warrant it. The court should have granted defendant's motion to direct a verdict. Not having done so, it was his duty to have corrected the answers of the jury in the special verdict, and to have rendered judgment for defendant. *Menominee River S. & D. Co. v. M. & N. R. Co.* 91 Wis. 447, 65 N. W. 176; *Conroy v. C., St. P., M. & O. R. Co.* 96 Wis. 243, 70 N. W. 486; *Keller v. Schmidt,* 104 Wis. 596, 80 N. W. 935; *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 85 N. W. 1036.

*By the Court.*—The judgment is reversed, and the cause is remanded with directions to the circuit court to correct the verdict by changing the answer to the twelfth question from "No," to "Yes," and the answer to the fourteenth question from "Yes," to "No," and the answer to the sixteenth question from "Yes," to "No," to conform to the facts, and to render a judgment on the verdict as so corrected in favor of defendant for costs.