Kozik, Respondent, vs. Czapiewski, Appellant.

*May 12—June 5, 1908.*

*Appeal: Review: Orders made after judgment: Bill of exceptions: Evidence: Leading questions: Discretion: Immaterial errors.*

1. An appeal from a judgment does not bring up for review orders made after the judgment and after the term at which the verdict was rendered, denying leave to file exceptions to the charge and denying a motion to vacate the judgment and for a new trial.

2. Where, immediately after appellant's objection to a question had been sustained by the trial court, evidence of the same sort was admitted, but the bill of exceptions discloses no objection or ruling of the court thereon, no error is shown.

3. The extent to which leading questions may be put is very largely in the discretion of the court; and such discretion is

*held* not to have been exceeded in this case by allowing such questions to be asked of an illiterate witness imperfectly familiar with the English language.

4. Exclusion of a question asked on cross-examination merely by way of argumentative conclusion, from testimony previously given by the witness, as to her state of mind, with reference to which the jury could judge from such testimony, is *held* not a material error.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action for breach of promise of marriage, resulting in verdict for plaintiff of $100 compensatory, and $100 punitory, damages, from judgment in accordance with which the defendant appeals.

For the appellant the cause was submitted on the brief of *Carroll & Carroll.*

*W. J. Kershaw,* for the respondent.

DODGE, J. The appellant's brief contains no assignment of errors, and if any supposed error is not expressly considered he may ascribe the omission to that failure of the brief.

The appellant asserts errors in overruling a motion, made by him after judgment and after the term at which the verdict was rendered, for leave to file exceptions to the charge, and also a motion, made likewise after judgment, to vacate the latter and for new trial on the ground of insufficiency of evidence to support the verdict. We cannot consider whether any error was thus committed in either of these orders made after judgment in absence of appeals from such orders specifically. Sec. 3070, Stats. (1898) ; *Guetzkow v. Smith,* 105 Wis. 94, 96, 80 N. W. 1109; *Bank of Commerce v. Elliott,* 109 Wis. 648, 668, 85 N. W. 417.

Defendant complains of several rulings upon the admission of evidence:

(a) As to the first, the only ruling which appears by the bill of exceptions was in appellant's favor, sustaining his ob-

jection to a question.   True, evidence of the same sort seems
to have been admitted immediately thereafter, but the bill
of exceptions discloses no objection or ruling of the court
thereon, hence no error.

(b) Questions asked: "State whether or not your health
has been good since the defendant failed to marry you," "Did
this failure to marry you prey on your mind or trouble your
mind?" were objected to as leading.   The latter certainly
has such vice, but the extent to which direct and leading
questions may be put is very largely in the discretion of the
court, and we cannot say that such discretion was exceeded
in this instance, where the witness appears to have been il-
literate and imperfectly familiar with English.   *Bannen v.
State,* 115 Wis. 317, 327, 91 N. W. 107, 965.

(c) The exclusion of question on cross-examination,
"Then you did not care to marry him at the time you had the
examination before the court commissioner?"   This was
merely by way of argumentative conclusion, from the testi-
mony given before the commissioner, as to a mental state.
What she in fact testified on that occasion had been shown,
from which the jury could judge as to her state of mind.
We cannot think that the exclusion of this argumentative
question was error for which the judgment should be re-
versed.   We find nothing else in the appellant's brief to jus-
tify discussion.

*By the Court.*—Judgment affirmed.